**Trent Baker**
**J.R. Casillas**
DATSOPOULOS, MacDONALD & LIND, P.C.
Central Square Building
201 West Main Street, Suite 201
Missoula, Montana 59802
Telephone:   (406) 728-0810
Facsimile:   (406) 543-0134
tbaker@dmllaw.com; kfaust@dmllaw.com
jrcasillas@dmllaw.com; areiber@dmllaw.com

*Attorneys for John and Stacy Ambler*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN AMBLER and STACY AMBLER,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>FLATHEAD CONSERVATION DISTRICT,<br><br>　　　　　　　Defendant. | Cause No. _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

COME NOW the Plaintiffs, John Ambler and Stacy Ambler, by and through their attorneys, Trent Baker and JR Casillas of Datsopoulos, MacDonald & Lind, P.C., and for their Complaint for Declaratory Judgment state and allege as follows:

## PARTIES

1. The Plaintiffs, John Ambler and Stacy Ambler (hereinafter the "Amblers" and/or "Plaintiffs"), are husband and wife, are residents of San Diego, California and are domiciled in San Diego, California.

2. The Defendant, Flathead Conservation District, (hereinafter the "FCD") is a political subdivision of the State of Montana, with a mailing address of 133 Interstate Lane, Kalispell, MT 59901.

## NATURE OF ACTION

3. This is a complaint for declaratory judgment, under rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 et seq., for the purposes of determining the rights, duties and legal relations among the parties relating to federal versus state laws and jurisdiction over construction activities on real property owned by the Amblers and located within the boundaries Glacier National Park.

## JURISDICTION & VENUE

4. An actual and justiciable controversy exists between the Amblers and the FCD regarding whether the FCD has jurisdiction and authority to order the Amblers to dismantle a house they are constructing on real property they own within Glacier National Park.

5. The issuance of declaratory relief by the Court will terminate some or all of the existing controversy among the parties.

6.  The United States District Court for the District of Montana has jurisdiction over this matter under diversity jurisdiction, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the FCD and the Amblers, and the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs.

7.  The amount in controversy exceeds the jurisdictional threshold of $75,000 as the value and cost of the Amblers' house, when complete, will far exceed that amount, the Amblers have already spent more than that on the partially completed house and the cost of dismantling and removing the house would also exceed the jurisdictional threshold.

8.  The United States District Court for the District of Montana has jurisdiction over this matter under federal question jurisdiction, pursuant to 28 U.S.C. § 1331, which provide that federal courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."

9.  Under 16 U.S.C. § 163, "Sole and exclusive jurisdiction is assumed by the United States over the territory embraced within the Glacier National Park, saving, however, to the State of Montana the right to serve civil or criminal process within the limits of the aforesaid park in suits or prosecution for or on account of rights acquired, obligations incurred, or crimes committed in said State but outside of said

park, and saving, further, to the said State the right to tax persons and corporations, their franchises and property, on the lands included in said park."

10. Under 16 U.S.C. § 162, "Glacier National Park shall be under the exclusive control of the Secretary of the Interior, whose duties it shall be, as soon as practicable, to make and publish such rules and regulations not inconsistent with the laws of the United States as he may deem necessary or proper for the care, protection, management, and improvement of the same, which regulations shall provide for the preservation of the park in a state of nature so far as is consistent with the purposes of this section and section 161 of this title, and for the care and protection of the fish and game within the boundaries thereof."

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because the Property is located in this District, the events giving rise to Plaintiffs' claims occurred in this District and the FCD conducts activities and may be found in this District.

## ALLEGATIONS

12. The real property at issue is private property, also known as an "inholding," owned by the Amblers and is located in Apgar Village within Glacier National Park (hereinafter the "Property") and is more particularly described as:

> **S23, T32 N, R19 W, 17376-10, PARCEL N/A, TR 2EBCA IN L3, FLATHEAD COUNTY, MONTANA.**

13. The Ambler purchased the Property in 2019 and later began construction of a house on the Property.

14. Glacier National Park allowed the construction and allowed the Amblers to connect to the Apgar Village water and sewer system.

15. The FCD is charged with administration of The Montana Natural Streambed and Land Preservation Act (the "NSLPA") under Mont. Code Ann. § 75-7-101 et seq.

16. In 2023, the FCD asserted jurisdiction over the Property and advised the Amblers that they violated the NSLPA, that they must remove their structure and that they must apply to the FCD for and obtain a 310 permit under the NSLPA for the removal.

17. The Amblers requested a "declaratory ruling" from the FCD, which is an internal or administrative process that allows a party to appeal a determination that the FCD has jurisdiction, wherein the Amblers asserted that federal and Montana law both say that the FCD does not have jurisdiction over the property.

18. On November 13, 2023, at the conclusion of the FCD's internal declaratory ruling proceedings, the FCD again decided that the Amblers violated the NSLPA, that they must remove their structure and that they must apply for and obtain a 310 permit to do so.

## COUNT I
### *Declaratory Judgment (28 U.S.C. § 2201 et seq.)*

19. The Amblers incorporate by reference the foregoing paragraphs as if fully set forth here.

20. Under 28 U.S.C. § 2201, this Court may declare the rights and obligations of the parties under the applicable federal and state laws on the grounds that an actual controversy exists.

21. The FCD asserts that it has jurisdiction over the Amblers' Property, that the 310 Law applies to the Ambler Property and the FCD has the jurisdiction to decide that the Amblers violated the NSLPA, that they must remove their structure and that they must apply for and obtain a 310 permit from the FCD to do so.

22. The Amblers dispute that the FCD has jurisdiction over the Property and dispute that the NSLPA applies to the Property.

**WHEREFORE**, the Amblers pray for relief as follows:

A. For a declaratory judgment in favor of the Amblers and against FCD, declaring that the FCD has no jurisdiction over the Property and that the NSLPA does not apply to the Property;

B. For the Amblers' costs, disbursements, and attorney's fees; and

C. Such other and further relief as the Court deems just and proper.

DATED this 12TH day of December, 2023.

                          DATSOPOULOS, MACDONALD & LIND, P.C.

By: /s/ J.R. Casillas
     J.R. Casillas
     Trent Baker
     201 West Main Street, Suite 201
     Missoula, Montana 59802
     tbaker@dmllaw.com
     jrcasillas@dmllaw.com

*Attorneys for Plaintiffs*