Camisha Sawtelle
Sawtelle Law Firm PLLC
PO Box 5117
Whitefish, MT 59937
(406) 730-1399
Attorney for Defendant

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN AMBLER AND STACY AMBLER, <br><br> Plaintiffs, <br><br> vs. <br><br> FLATHEAD CONSERVATION DISTRICT, <br><br> Defendant. | CV 23-151-M-DLC-KLD <br><br> **ANSWER TO COMPLAINT** |

COMES NOW, Defendant Flathead Conservation District ("FCD"), and submits its answers to Plaintiffs' Complaint:

**PARTIES**

1. FCD has insufficient knowledge to admit or deny the allegations in Paragraph 1.

2. FCD admits the allegations in Paragraph 2.

**NATURE OF ACTION**

3. FCD Admits the allegations in Paragraph 3.

**JURISDICTION AND VENUE**

4. FCD partially admit the allegations in Paragraph 4, in that a controversy exists. FCD denies that the Ambler property is part of Glacier National Park.

5. FCD denies the allegations in Paragraph 5.

6. FCD has insufficient knowledge to admit or deny and therefore denies the allegations in Paragraph 6.

7. FCD has insufficient knowledge to admit or deny and therefore denies the allegations in Paragraph 7.

8. FCD denies the allegations in Paragraph 8. FCD asserts that the civil action is related to Montana State Law, specifically the Natural Streambed and Land Preservation Act (Montana Code Annotated §75-7-101 et seq.) The location of the Ambler property does not preempt enforcement of a state law that is entirely consistent with the purpose of the National Parks.

9. FCD admits the allegations in Paragraph 9 in that 16 U.S.C. § 163 is accurately cited; however, FCD also notes that under 16 U.S.C. § 161, which establishes the boundaries of Glacier National Park, "Nothing herein contained shall affect any valid claim, location, or entry existing under the land laws of the United States before May 11, 1910, or the rights of any such claimant, locator, or entryman to the full use and enjoyment of his land." The property at issue in this dispute was claimed by Charles Howes on May 21, 1908. Deed attached as Exhibit A. The United States General Land Office granted the Property to Charles Howes in 1908 and it has remained in private ownership since. Therefore, the provisions of 16 U.S.C. § 163 do not apply to the property at issue.

10. FCD admits the allegations in Paragraph 10 in that 16 U.S.C. § 162 is accurately cited; however, the Secretary of the Interior has no rules and regulations for the care, protection,

management and improvement of private inholdings within the boundaries of Glacier National Park. The Secretary of the Interior has no process for regulation of construction within the immediate banks of a stream on private property within the boundaries of Glacier National Park.

11. FCD admits the allegations in Paragraph 11.

## ALLEGATIONS

12. FCD admits the allegations in Paragraph 12.

13. FCD has insufficient knowledge to admit or deny and therefore denies the allegations in Paragraph 13.

14. FCD denies the allegations in Paragraph 14. Glacier National Park did not "allow" the construction on this private property. Glacier National Park has no regulations related to construction on private property. There are rigorous rules related to construction within Glacier National Park (and all federal lands), none of which were complied with by the Plaintiffs. Specifically 36 CFR 5.7 states that "Constructing or attempting to construct a building, or other structure, boat dock, road, trail, path, or other way, telephone line, telegraph line, power line, or any other private or public utility, upon across, over, through, or under any park areas, except in accordance with the provisions of a valid permit, contract, or other written agreement with the United States, is prohibited." The Plaintiffs obtained no valid permit, contract or agreement with the United States.

15. FCD admits the allegations in Paragraph 15.

16. FCD admits the allegations in Paragraph 16.

3

17. FCD admits the allegations in Paragraph 17.

18. FCD admits the allegations in Paragraph 18.

## DECLARATORY JUDGMENT

19. FCD incorporates its responses to Paragraphs 1-18 as if fully set forth herein.

20. FCD admits the allegations in Paragraph 20.

21. FCD admits the allegations in Paragraph 21.

22. FCD admits the allegations in Paragraph 22. The Plaintiffs' Complaint relies on the assumption that their private inholding within Glacier National Park is essentially unregulated property – subject to no state or federal laws or regulations.

## GENERAL DENIAL

FCD denies each and every allegation contained in the Complaint that is not specifically admitted above.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs fail to state a claim upon which relief can be granted.

2.      Plaintiffs failed to mitigate their damages, if any. Plaintiff's damages, if any, must be eliminated or reduced because of Plaintiff's failure to mitigate damages.

3.      Plaintiffs are not entitled to an award of attorney fees, disbursements, or costs.

Plaintiffs have not yet conducted discovery in this action, and therefore, expressly reserve the right to amend their Answer to add additional or supplemental defenses. These affirmative

defenses are raised in response to the allegations contained in the Complaint as a recognition that the pleadings, discovery, and trial preparation necessitate a thorough examination and evaluation of this case, and the decision maker should have available for consideration all defenses which may be applicable in this case.

WHEREFORE, FCD prays for the following relief:

1. That Plaintiff take nothing by its Complaint;

2. That Plaintiffs' claims be dismissed with prejudice;

3. That FCD be awarded its costs of suit;

4. For attorneys fees as permitted by law; and

5. For any other and further relief the Court deems just and proper.

DATED this 8th day of January, 2024.

SAWTELLE LAW FIRM PLLC

By: _____/s/_____Camisha Sawtelle_____
Attorney for Defendant

## VERIFICATION

STATE OF MONTANA            )
                            : ss
COUNTY OF FLATHEAD          )

Pete Woll, being first duly sworn on oath, says that he is Chairman of the Flathead Conservation District Board of Supervisors, Defendant in the above-entitled proceeding; that he has read the foregoing Amended Answer and Counter-Complaint and knows the contents thereof; and that the statements made therein are true to the best of his knowledge and belief.

_____
Pete Woll, Chairman

SUBSCRIBED AND SWORN to before me this __8__ day of January, 2024

_____
Notary Public for the State of Montana.

CAMISHA SAWTELLE
NOTARY PUBLIC for the
State of Montana
Residing at Whitefish, Montana
My Commission Expires
September 1, 2027

# The United States of America,

559

HOMESTEAD CERTIFICATE NO. 590
APPLICATION 1600

To all to Whom these Presents shall Come, Greeting:

WHEREAS, There has been deposited in the General Land Office of the United States a Certificate of the Register of the Land Office at Kalispell, Montana, whereby it appears that, pursuant to the Act of Congress approved 20th May, 1862, "To Secure Homesteads to Actual Settlers on the Public Domain," and the Acts supplemental thereto, the claim of Charles Howes,

has been established and duly consummated, in conformity to law, for the Lots one, two, and three, the south half of the northeast quarter, and the northwest quarter of the southeast quarter of section twenty-three in Township thirty two north of Range nineteen West of the Montana Meridian, Montana, containing one hundred eighty-two and forty-six-hundredths acres.

23 32-19

according to the Official Plat of the survey of the said land, returned to the General Land Office by the Surveyor General:

NOW KNOW YE, That there is, therefore, granted by the United States unto the said Charles Howes the tract of land above described;

TO HAVE AND TO HOLD The said tract of land, with the appurtenances thereof, unto the said Charles Howes and to his heirs and assigns forever; subject to any vested and accrued water rights for mining, agricultural, manufacturing, or other purposes, and rights to ditches and reservoirs used in connection with such water rights, as may be recognized and acknowledged by the local customs, laws, and decisions of Courts, and also subject to the right of the proprietor of a vein or lode to extract and remove his ore therefrom, should the same be found to penetrate or intersect the premises hereby granted, as provided by law. And there is reserved from the lands hereby granted, a right-of-way thereon for ditches or canals constructed by the authority of the United States.

IN TESTIMONY WHEREOF, I, Theodore Roosevelt, President of the United States of America, have caused these Letters to be made Patent, and the seal of the General Land Office to be hereunto affixed.

Given under my hand, at the City of Washington, the twenty-first day of May, in the year of our Lord one thousand nine hundred and eight, and of the Independence of the United States the one hundred and thirty-second.

BY THE PRESIDENT: Theodore Roosevelt

By A. C. Stump Assistant, Secretary,

H. W. Sanford, Recorder of the General Land Office.

Recorded Vol. 775 Page 171

Filed for record at the request of Chas. Howes this 12th day of March 1914, at 1-50 o'clock P.M.

By A. J. Shaw Deputy Recorder. No. 782-

Fred B. Perry County Recorder,

Exhibit A