**Trent Baker**
**J.R. Casillas**
DATSOPOULOS, MacDONALD & LIND, P.C.
Central Square Building
201 West Main Street, Suite 201
Missoula, Montana 59802
Telephone: (406) 728-0810
Facsimile: (406) 543-0134
Email: tbaker@dmllaw.com
Email: jrcasillas@dmllaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN AMBLER and STACY AMBLER,<br><br>Plaintiffs,<br><br>vs.<br><br>FLATHEAD CONSERVATION DISTRICT,<br><br>Defendant. | CV 23-151-M-DLC-KLD<br><br>**PLAINTIFFS' PRELIMINARY PRETRIAL STATEMENT** |

Pursuant to Rule 26(a)(1) and Rule 16.2(b)(1) of the Local Rules of Procedure and the Court's Order of December 13, 2023 (Doc. 3), Plaintiffs, John and Stacy Ambler (hereinafter "Amblers" and/or "Plaintiffs"), by and through

their counsel of record, the law firm of Datsopoulos, MacDonald & Lind, P.C., respectfully files the following Preliminary Pretrial Statement.

A. **BRIEF FACTUAL STATEMENT OF THE CASE.**

This is a complaint for declaratory judgment, under rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 et seq., for the purposes of determining whether the Flathead Conservation District (hereinafter "FCD" and/or "Defendant") has jurisdiction and authority pursuant to The Montana Natural Streambed and Land Preservation Act to order the Amblers to dismantle a house they are constructing on real property the Amblers own within Glacier National Park.

In 2019, the Amblers purchased a private property or inholding along McDonald Creek at the end of McDonald Creek Lane in Apgar Village. The Ambler property and McDonald Creek drainage are wholly within the boundaries of Glacier National Park. The Amblers later began construction of a house on the property. Prior to their purchase or construction, the Amblers contacted Flathead County and Glacier National Park and inquired about building a house on the property. The County advised that they do not regulate or restrict the use of the land and no building permit was needed but the Amblers should check with Environmental Health regarding water and sewer systems. Glacier National Park was also aware of the Amblers' construction plans, did not require any permits

and allowed the Amblers to connect to the Apgar Village water and sewer system.

The FCD is charged with administration of The Montana Natural Streambed and Land Preservation Act (the "NSLPA") under Mont. Code Ann. § 75-7-101 et seq. In 2023, in response to citizen complaints, the FCD asserted jurisdiction over the property and advised the Amblers that they violated the NSLPA, that they must remove their structure and that they must apply to the FCD for and obtain a 310 permit under the NSLPA for the removal. The Amblers' house was completely framed in at the time. The Amblers voluntarily halted construction at that time and the parties later agreed the Amblers would install the roof and remaining windows, which had already been purchased, to limit damage to the structure.

The Amblers requested a "declaratory ruling" from the FCD, which is an internal or administrative process that allows a party to appeal a determination that the FCD has jurisdiction, wherein the Amblers asserted that federal and Montana law both say that the FCD does not have jurisdiction over the property.

On November 13, 2023, at the conclusion of the FCD's internal declaratory ruling proceedings, the FCD again decided that the Amblers violated the NSLPA, that they must remove their structure and that they must apply for and obtain a 310 permit to do so. The FCD has agreed to a stay pending the outcome of these proceedings.

## B.   BASIS FOR FEDERAL JURISDICTION AND VENUE

The United States District Court for the District of Montana has jurisdiction over this matter under federal question jurisdiction, pursuant to 28 U.S.C. § 1331, which provide that federal courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."

Under 16 U.S.C. § 163, "Sole and exclusive jurisdiction is assumed by the United States over the territory embraced within the Glacier National Park, saving, however, to the State of Montana the right to serve civil or criminal process within the limits of the aforesaid park in suits or prosecution for or on account of rights acquired, obligations incurred, or crimes committed in said State but outside of said park, and saving, further, to the said State the right to tax persons and corporations, their franchises and property, on the lands included in said park."

Under 16 U.S.C. § 162, "Glacier National Park shall be under the exclusive control of the Secretary of the Interior, whose duties it shall be, as soon as practicable, to make and publish such rules and regulations not inconsistent with the laws of the United States as he may deem necessary or proper for the care, protection, management, and improvement of the same, which regulations shall provide for the preservation of the park in a state of nature so far as is consistent with the purposes of this section and section 161 of this title, and for the care and protection of the fish and game within the boundaries thereof."

The United States District Court for the District of Montana also has jurisdiction over this matter under diversity jurisdiction, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the FCD and the Amblers, and the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs.

The amount in controversy exceeds the jurisdictional threshold of $75,000 as the value and cost of the Amblers' house, when complete, will far exceed that amount, the Amblers have already spent more than that on the partially completed house and the cost of dismantling and removing the house would also exceed the jurisdictional threshold.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because the Property is located in this District, the events giving rise to Plaintiffs' claims occurred in this District and the FCD conducts activities and may be found in this District.

## C. AND D.  FACTUAL BASES/LEGAL THEORIES

The factual bases of the Amblers' claims are set forth in Section A, above. The legal theories supporting the Amblers' claims are as follows:

The Amblers claim that the United States federal government has jurisdiction over the Ambler property within Glacier National Park and not the State of Montana or its political subdivisions like the FCD. In addition to the federal laws set forth

above, the United States has enacted regulations addressing construction and conduct on private property within the Park. These regulations show that the United States has and exercises its exclusive jurisdiction over property within Glacier. It is generally prohibited to construct anything in a national park without the permission of the United States.  36 CFR § 5.7.

There are also federal regulations specific to construction on private property within Glacier National Park.  36 CFR § 7.3.  Subsection (b) of 36 CFR § 7.3 requires permits from the Park Superintendent for eating, drinking, or lodging establishments on private land within the Park and requires those establishments to comply with State and county health laws and ordinances and rules and regulations.  Subsection (c) of 36 CFR § 7.3 governs construction of residences on private land within the Park and requires that private sewer and water systems comply with State and county health laws and regulations.  These regulations show that the United States (not the State of Montana or political subdivisions like the FCD) has jurisdiction over construction of private residences and activities on private land within Glacier National Park and the United States decides which State and county laws or regulations apply there.

Montana law also recognizes the exclusive jurisdiction of United State over land within Glacier.  Montana enacted a statute specific to Glacier similar to 16 U.S.C. § 163 that cedes exclusive jurisdiction to the United States, subject only to

limited reservations to serve process within the Park for acts committed outside of the Park and to impose taxes on people and property in the Park:

> Exclusive jurisdiction shall be and the same is hereby ceded to the United States over and within all the territory which is now or may hereafter be included in that tract of land in the state of Montana set aside by the act of congress, approved May 11, 1910, for the purposes of a national park, and known and designated as "The Glacier national park", saving, however, to the said state the right to serve civil or criminal process within the limits of the aforesaid park in any suits or prosecution for or on account of rights acquired, obligations incurred, or crimes committed in said state but outside of said park; and saving, further, to the state the right to tax persons and corporations, their franchises and property on the lands included in said park; provided, however, that jurisdiction shall not vest until the United States, through the proper officers, notifies the governor of this state that it assumes police or military jurisdiction over said park.

Mont. Code Ann. § 2-1-205.

Montana also has a statute that explains explaining the extent of State jurisdiction on lands ceded to the United States:

> The extent of the jurisdiction of this state over places that have been or may be ceded to, purchased, or condemned by the United States is qualified by the terms of such cession or the laws under which such purchase or condemnation has been or may be made.

Mont. Code Ann. § 2-1-201.  There is also a "general cession" statute, Mont. Code Ann. § 2-1-202, that includes reservations of State jurisdiction applicable only to federal lands in Montana other than Glacier or Yellowstone national parks, each of which have their own specific cession statute.   See *State ex rel. Parker v. District Court of Eighth Judicial Dist.*, 147 Mont. 151, 154, 410 P.2d 459, 460 (1966)

PAGE 7 – PLAINTIFFS' PRELIMINARY PRETRIAL STATEMENT

("Since there is no Montana statute specifically granting this terrain to the federal government the general cession statute is applicable"); and *State v. Rindal*, 146 Mont. 64, 69, 404 P.2d 327, 330 (1965) (contrasting Montana's general cession statute to those specific to Glacier and Yellowstone).

The FCD incorrectly asserts that it has concurrent jurisdiction in Glacier. If there is a question of jurisdiction on land ceded to the United States by a state, courts first look to the plain language of the specific state law that ceded the land to determine what, if any, jurisdiction was reserved by the state. If there is an express reservation of jurisdiction by the state, only then do the courts consider whether laws relating to that reservation are consistent with the purpose of the cession.

The US Supreme Court recognized that a state may reserve concurrent jurisdiction over land within a national park, stating "<u>when</u>, in such cases, a state cedes jurisdiction to the United States, the state may impose conditions which are not inconsistent with the carrying out of the purpose of the acquisition." *United States v. Unzueta*, 281 U.S. 138, 142 (1930) (emphasis added). However, such conditions may only be imposed "when" or 'at the time' the cession occurs, and such conditions cannot be unilaterally imposed by the state many years later. This interpretation is affirmed in the very next sentence in the *Unzueta* opinion, which states, "[t]he terms of the cession, to the extent that they may lawfully be prescribed, determine the extent of the Federal jurisdiction." *Id*. The *Unzueta* opinion also

recognized that: "[A]fter this jurisdiction had been accepted by the United States, it could not be recaptured by the action of the State alone, and hence that an act of the legislature of Nebraska, passed in 1889, seeking to amend the act of cession was not effective…" *Id.* at 173.

The US Supreme Court, in *Arlington Hotel Company v. Fant,* 278 U.S. 439, 445 (1929), addressed a privately owned hotel located in Hot Springs National Park in Arkansas. The hotel burned down and its owners sought protection under a later-enacted Arkansas law relieving innkeepers from liability to their guests for loss of fire. *Id.* at 445 – 46. However, the Court held that because the state law was enacted after cession, it did not apply. *Id.* at 446.

The Ninth Circuit Court of Appeals specifically addressed state versus federal jurisdiction as to the portion of Yellowstone National Park located in Montana in *Yellowstone Park Transp. Co. v. Gallatin County*, 31 F.2d 644 (9th Cir.). The court held that the Yellowstone cession statute, Mont. Code Ann. § 2-1-207, unlike the Glacier Statute, did not reserve to the State of Montana the right to tax people or property within the park. The court rejected Gallatin County's attempt to impose taxes on a private company operating in Yellowstone, because the State did not reserve that right at the time of the cession and could not later extend its jurisdiction to impose taxes in the park, stating: "[i]n other words, after the date of cession, the ceded territory was as much without the jurisdiction of the state making the cession

as was any other foreign territory, except in so far as jurisdiction was expressly reserved." *Id.*, at 645 (citing *Arlington*, 279 U.S. 439).

Here, Montana only reserved jurisdiction in Glacier for purposes of service of process or taxation. The NSLPA was enacted seventy-five years after Montana ceded the Park to the United States and its purpose is not related to service of process or taxation. Montana did not reserve any jurisdiction relating to the NSLPA or issuance of 310 permits for construction near streams at the time of the cession. Montana and its political subdivisions cannot unilaterally assert such jurisdiction later. Federal regulations require private landowners within the Park to comply with some state and county regulations, but not the NSLPA. Therefore, the Ambler property is not subject to the jurisdiction of the FCD or the provisions of the NSLPA.

The FCD incorrectly asserts that private property within Glacier is not subject to the cession of jurisdiction by Montana to the United States. This issue is clearly addressed in *United States v. Peterson*, 91 F. Supp. 209, 213 (S.D. Cal. 1950), affd., 191 F.2d 154 (9th Cir.), holding that the United States' exclusive jurisdiction extended to private property within the boundaries of Kings Canyon National Park under the terms of the cession.

In *Peterson*, the jurisdictional question was whether state liquor laws applied in Wilsonia Village, a tract of privately owned land within the boundaries of Kings Canyon National Park. *Id.* at 211. The court recognized that no state or federal law

expressly mentioned Wilsonia Village or private property within the park. Nevertheless, the court reviewed the language of the California law ceding jurisdiction to the United States and held that cession included private inholdings, and therefore the state liquor laws and license were inapplicable in Wilsonia Village. *Id.* at 213 (citing *United States v. Unzeuta*, 281 U.S. 138).

*Peterson* demonstrates that cession text does not need to explicitly call out "private property or "private inholdings" for the United States to acquire jurisdiction over private property within ceded territory. The language of the Montana law ceding Glacier National Park is almost identical to the language considered by the court in the California statute ceding Kings Canyon National Park: "Exclusive jurisdiction shall be and the same is hereby ceded to the United States over and within all of the territory which is now or may hereafter be included in those several tracts of land in the State of California set aside and dedicated for park purposes by the United States as 'Kings Canyon National Park' . . ."  Just as the cession of Kings Canyon included private property within that park, so does the cession of Glacier. Consequently, the federal government and not the State of Montana or the FCD has jurisdiction over the Ambler property.

E.   **COMPUTATION OF DAMAGES**

The Amblers are not seeking damages in this action.

F.   **RELATED STATE OR FEDERAL LITIGATION**

The Amblers filed but have not served a complaint and amended complaint against the FCD in the Montana Third Judicial District Court, Flathead County, Hon. Robert B. Allison, Cause No. DV-15-2023-0000444-RP. That case does not address jurisdiction but addressed FCD conduct and, if the FCD had jurisdiction, whether the Amblers should be granted a 310 permit.

**G.   PROPOSED ADDITIONAL STIPULATIONS OF FACT AND APPLICABLE LAW**

The parties are submitting stipulations of fact separately. The Federal Rules of Civil Procedure and Evidence apply.

**H.   DEADLINES FOR JOINDER AND AMENDMENTS**

The parties proposed in their Joint Discovery Plan a deadline of April 26, 2024, to join additional parties and amend pleadings.

**I.   CONTROLLING ISSUES OF LAW & PRETRIAL DISPOSITION**

The issues of whether NSLPA applies to the Ambler property and whether the FCD has jurisdiction over it are suitable for disposition on summary judgment.

**J.   PERSONS WITH DISCOVERABLE INFORMATION**

1. John Ambler and Stacey, c/o Trent N. Baker, Datsopoulos, MacDonald & Lind, P.C., 201 W. Main Street, Suite 201, Missoula, Montana 59802. John and Stacey Ambler are the Plaintiffs in this matter. They have general information about

their property, the proceedings before the FCD and the allegations set forth in their complaint.

2.     Mike Sanctuary, Confluence Consulting, 1289 Stoneridge Dr., Bozeman, MT 59718, (406) 585-9500.  Mr. Sanctuary is an environmental scientist retained by the Amblers to analyze hydrologic, hydraulic, and geomorphic information related to the Amblers house construction and McDonald Creek.  He is the only person to have conducted any rigorous scientific analysis of the interaction or potential interactions of between the Ambler house and McDonald Creek and he concluded that the house is above the ordinary high water mark and the 100-year floodplain does not present a danger to the Creek or vice-versa and that if the NSLPA applied to the Amblers' property, they should be granted a 310 permit.  His technical memo was submitted to the FCD.

3.     Roger Marsonette and the rest of the Board of Supervisors at Flathead Conservation District, 133 Interstate Lane, Kalispell Montana 59901, 406-752-4220.  Mr. Marsonette is a member of the FCD Board of Supervisors and is the supervisor in charge of the Ambler matter at the FCD.  He participated in a site inspection at the Ambler property.  He and the and the rest of the Board of Supervisors have information about the proceedings before the FCD and the allegations set forth in the Amblers' complaint.

4. Samantha Tappenbeck, Resource Conservationist at Flathead Conservation District, 133 Interstate Lane, Kalispell Montana 59901, 406-752-4220. Ms. Tappenbeck is on the staff of the FCD and is familiar with the Ambler matter. She has information about the proceedings before the FCD and the allegations set forth in the Amblers' complaint.

5. Leo Rosenthal, Montana Fish Wildlife and Parks, Region 1 Fish Biologist, 490 North Meridian Road, Kalispell, MT 59901, (406) 751-4548. Mr. Rosenthal participated in a site inspection at the Ambler property and has information about the proceedings before the FCD and the allegations set forth in the Amblers' complaint.

6. Laurie Zeller, Hearings Officer for the Flathead Conservation District, 133 Interstate Lane, Kalispell Montana 59901, 406-752-4220. Ms. Zeller was the hearings officer retained by the FCD to conduct the declaratory ruling process and issued recommended findings and conclusions to the FCD Board of Supervisors. She has information about the proceedings before the FCD and the allegations set forth in the Amblers' complaint.

K. **INSURANCE AGREEMENTS**

The Amblers have no applicable insurance.

L. **SETTLEMENT DISCUSSIONS & PROSPECTS FOR COMPROMISE**

There have been no settlement discussions to date.

## M. SPECIAL PROCEDURES

Amblers are unaware at this time of any special procedures which would be suitable.

DATED this 12th day of March, 2024.

        DATSOPOULOS, MACDONALD & LIND, P.C.
        By: */s/ Trent Baker*
           **Trent Baker**
           Email: tbaker@dmllaw.com
           **J.R. Casillas**
           Email: jrcasillas@dmllaw.com
           Central Square Building
           201 West Main Street, Suite 201
           Missoula, Montana 59802
           Telephone: (406) 728-0810
           Facsimile:  (406) 543-0134

           *Attorneys for Plaintiffs Stacy and John Ambler*