David K. W. Wilson, Jr.
Robert M. Farris-Olsen
MORRISON, SHERWOOD, WILSON & DEOLA
401 North Last Chance Gulch
Helena, MT 59601
(406) 442-3261
(406) 443-7294 (Fax)
kwilson@mswdlaw.com
rfolsen@mswdlaw.com

*Attorneys for the*
*Proposed Intervenors FMSR*

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN AMBLER and STACY AMBLER,<br><br>             Plaintiffs,<br><br>    v.<br><br>FLATHEAD CONSERVATION DISTRICT,<br><br>             Defendant. | Cause No.: CV 23-151-M-DLC-KLD<br><br>**DECLARATION OF MARY T. McCLELLAND** |

I, Mary T. McClelland, declare under penalty of perjury

1.     I am over 18 years of age and am the Administrator of Montana Friends of

Streams and Rivers (FMSR), a 501(c)(3) non-profit.

Exhibit B
Page 1 of 22

2.      I grew up in the National Park system as a child of a National Park employee and spent much of my childhood in Glacier. I have continued to be a visitor and advocate for the health and welfare of our national parks. And I continue to reside just outside Glacier in West Glacier.

3.      I am active community in all matters of community health. Recently, I assisted in the development of the West Glacier Vision Plan, which was developed to be an addendum to to the Flathead County Growth Policy. *See West Glacier Vision Plan*, https://flathead.mt.gov/application/files/8216/8978/1322/ West_Glacier_Vision_Plan_PRINT_FINAL.pdf (2023).

4.      Due to my desire to ensure the health of Glacier, and the importance of all Montana waters, I helped found FMSR. Our mission is to increase awareness, educate with citizen-to-citizen communications and promote Montana streams, rivers and riparian habitat health by supporting the work of agencies and collaborating with conservation and community working groups to protect the integrity of applicable regulations, recommendations and environmental protections and guidelines for the public good.  FMSR is a liaison, facilitator and ambassador between agencies, organizations and the public to help promote the importance of streams and rivers habitat quality and aquatic ecosystem health and function for future generations.

5.     The group is made up of a number of individuals who reside, work, and recreate in the area. Some members, like Monica Jungster own private property within the park boundaries, and others, own property in West Glacier. But we all have one thing in common: our desire to ensure that McDonald Creek and the surrounding area develops in a way that protects the ecological integrity with a consistent set of regulations.

6.     As part of the Ambler project, I filed a complaint with the Flathead Conservation District. I sent it to the Conservation District in late January, and it was provided to the District on February 2, 2023. A copy of my complaint is attached as Exhibit 1.

7.     As part of my complaint, I notified the board that I believed the Ambler property was being constructed in violation of a number of state and federal laws. I also highlighted the burning of onsite debris, the aesthetic problems with the construction, and my concern regarding the potential ecological impacts to the creek and streambank.

8.     On February 12, 2023, the Amblers' responded to my complaint. They denied that they needed a 310 permit, and that the burning of debris was "standard on most winter builds." A copy of the response is attached as Exhibit 2.

9.     As the case before the Conservation District progressed, I continued being involved. For example, I submitted comments as part June 2023 public hearing. In

those comments, I reiterated the authority of the Conservation District to exercise jurisdiction over the project and require a permit prior to construction, and explained how and why those standards are important.

10.     I also responded to the Amblers' answer to my complaint. Importantly, I noted that the Park had "informed the Amblers that the State and County has jurisdiction in this situation," and that the Park had ceded jurisdiction over refuse burning to the County. I raised these issues because it was important to raise the issue of consistency. If the State and County have jurisdiction over other aspects of the project, they should certainly have jurisdiction over construction in the stream bank.

11.     This concern is unique to FMSR and our members because the Conservation District's position is simply that it has jurisdiction. Our view is broader than that – a common system of regulation so that there are no loopholes or workarounds when projects are built on private lands within the boundaries of Glacier National Park.

12.     In addition to filing a complaint and providing written comments. I attended every public meeting that was held on the project and have consistently provided oral and written comments at other stages of the Conservation District proceedings.

13.     I am not alone in providing comments. A number of FMSR's members filed complaints and public comments during the declaratory hearing, including, but not

14.     The other concern, specific to the public, that I have is for our organization or others to be able to enforce the 310 law in the event that a Conservation District chooses not to. Under the 310 law, it is my understanding, that a structure built without following the permitting process is considered a public nuisance and is subject to proceedings for immediate abatement. The outcome of this case will have a bearing on our ability to enforce the 310 law in the event that the Conservation Districts of the state are unable to – now or in the future.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 25 day of April 2024

Mary T. McClelland.

Form 274

**EXHIBIT**
FCD-12

FL-2023-014C     **2023**
LO Name: Ambler, John & Stacy
Stream: McDonald Creek
S23T32R19 Topog: Lk McDonald W.
Supervisor/s: RM

STATE OF MONTANA NATURAL STREAMBED AND LAND PRE:
**OFFICIAL COMPLAINT**

1.  **Alleged Violator**: AMBLER, JOHN & STACEY

    Address: 1375 LORING STREET SAN DIEGO, CA 92109-1908

    Phone No: _____

2.  **Landowner Name**: (where alleged violation took place) AMBLER, JOHN & STACEY

    Address: 74 McDonald Creek Lane, Apgar MT 59936

    Phone No: _____

3.  **Location of Activity**:

    Name of perennial stream: MCDONALD CREEK

    Legal description: Section: 23 ____ Township: 32 ____ Range: R19 W

    Address of Activity: 74 McDonald Creek Lane, Apgar MT 59936   TRACT ID: 3219X23-XXX-2EBCA

4.  **Nature of Complaint**:

    A. Provide a specific written description of the activity:

    This property in Apgar was recently acquired as vacant land (2019). The property owners have very quickly built a large house on National Park lower McDonald Creek. Flathead County has no zoning restrictions within the Park but this property must fall under multiple federal and state permitting requirements and restrictions including from the Army Corps of Engineers, the Montana Stream Protection Act, Montana Floodplain and Floodway Management Act, Protection Act, Clean Water Act, Rivers and Harbors Act, EPA and 36 CFR 1.2. There has been onsite burning and construction debri in and around the waters' edge even at the creek's low level right now. *See below E.

    B. **Attach a sketch** of the site. Note any landmarks.
    C. **Provide photos** if available.
    D. **Attach a map** marked with the violation area.

5.  **Verification of Alleged Violation**:

    A. Please state whether you have personally viewed the site of the alleged violation.

    Yes, I have personally viewed the site multiple times, it overhangs where the Creek will be in spring. Part of this property washed down the creek along with several cabins in the 1964 flood.

    B. The date of the viewing: 1/1/23, 1/10/23, 1/20/23, 1/26/23

    C. Is the site viewable from public property (i.e. county/state road)? YES neg impact to upstream view

    D. If the site is not viewable from public property, who's permission is needed to get to a viewable site?

    RECEIVED

    *copies sent to RM+FWP*
    Flathead CD 2/2/2023

    Exhibit 1
    Exhibit B
    Page 6 of 22

E. If you have not viewed the site, please state the basis that forms your belief that a violation is occurring.

* The construction is on 0.05 A of land and is unnatural and obtuse in the setting. This site falls within Glacier's policy to preserve the natural and undeveloped character of its streams and waterways, as well as to protect their ecological integrity. Nowhere does it say this doesn't include construction of structures in or near park streams even in a visitor use area and service center like Apgar Village. It is reasonable to assume a permanent structure below the ordinary high water would have an adverse impact on the stream system, aquatic habitat, and riparian/wetland vegetation. This vacant land was identified as riparian/wetland.  The property owners appear to have a total disregard for the setting.

6.  **Complainant's Signature**  *Mary T. McClelland*

Printed Name:  Mary T. McClelland

Address  PO Box 77  500 Sloan Lane  West Glacier, MT 59936

Phone No:  (815) 482-7404

**FLATHEAD CONSERVATION DISTRICT**
133 Interstate Lane, Kalispell, MT 59901  Phone: 752-4220  Fax: 752-4077

**ANY COMPLAINTS FILED WITH THIS OFFICE MAY BE REQUIRED BY LAW
TO BE OPEN TO THE PUBLIC**

(FCD 2020)









Flathead County Esri, HERE, Garmin, (c) OpenStreetMap contributors, and the GIS user community

**Flathead County**
GIS Department

800 South Main Street
Kalispell, Montana 59901

The areas depicted on these maps are for illustrative purposes only and do not necessarily meet mapping, surveying, or engineering standards. Deriving conclusions from this map is done at the user's assumed risk.

Print Property Record Card

# Property Record Card

## Summary

### Primary Information

**Property Category:** RP
**Geocode:** 07-4406-23-2-02-01-0000
**Primary Owner:**
AMBLER JOHN & STACY
1375 LORING ST
SAN DIEGO, CA 92109-1908

**Subcategory:** Residential Property
**Assessment Code:** 0000378700
**PropertyAddress:**

**COS Parcel:** N/A

*NOTE: See the Owner tab for all owner information*
**Certificate of Survey:** 17376-10
**Subdivision:**
**Legal Description:**
S23, T32 N, R19 W, 17376-10, PARCEL N/A, TR 2EBCA IN L3
**Last Modified:** 1/20/2023 10:18:03 PM

### General Property Information

**Neighborhood:** 207.550.M
**Living Units:** 0
**Zoning:**
**Linked Property:**

**Property Type:** VAC_R - Vacant Land - Rural
**Levy District:** 07-0C23-08 - MAIN
**Ownership %:** 100

**Exemptions:**        No linked properties exist for this property

                    No exemptions exist for this property

**Condo Ownership:**
**General:** 0                **Limited:** 0

### Property Factors

**Topography:**                **Fronting:**
**Utilities:**                **Parking Type:**
**Access:**                  **Parking Quantity:**
**Location:**                 **Parking Proximity:**

### Land Summary

| Land Type | Acres | Value |
|---|---|---|
| Grazing | 0.000 | 00.00 |
| Fallow | 0.000 | 00.00 |
| Irrigated | 0.000 | 00.00 |
| Continuous Crop | 0.000 | 00.00 |
| Wild Hay | 0.000 | 00.00 |
| Farmsite | 0.000 | 00.00 |
| ROW | 0.000 | 00.00 |
| NonQual Land | 0.000 | 00.00 |
| Total Ag Land | 0.000 | 00.00 |
| Total Forest Land | 0.000 | 00.00 |
| Total Market Land | 0.050 | 00.00 |

**Deed Information:**

| Deed Date | Book | Page | Recorded Date | Document Number | Document Type |
|---|---|---|---|---|---|
| 6/11/2019 | | | 7/11/2019 | 201900014116 | Warranty Deed |

svc.mt.gov/msl/MTCadastral/PrintPropertyRecordCard/GetPropertyRecordCardData?Geocode=0744062320201000   1/2



February 12, 2023

RE:   MCCLELLAND #FL2023-014C

**Attach To:**
**FL-2023-014C**
**McDonald Creek**
**Ambler**

The purpose of this letter is to respond to the above referenced complaint. We are currently building a home in Apgar, inside Glacier National Park.

The complaint toggles between being purchased 4 years ago and being "quickly built". We dispute the hastily built since we have been planning for over 3 years. You referenced that Flathead County has no zoning requirements and then double back saying that they must have permitting requirements. We also dispute this. Your complaint is based on opinion, not facts. You referenced our builder's self-contained warming barrel that they use for heat. This is the same barrel that is used on the build just steps from us and is standard on most winter builds.

The cover letter we received from the Conservation district referenced the 310 permit. We have been planning this build for several years and in all our research at the County and the Park we were never made aware of this permit. We are unaware of any violations our build poses.

As these scripted complaints continue to come in, we are still unsure about the necessity of the permit in our case. We cannot find any other property on the water within GNP that has had to secure the 310 permit. Our contactor, who has extensive build experience within the Park, has stated he has never encountered state or county authority within GNP.

We have had no intent to avoid or ignore any necessary steps needed in this build. It has been done with integrity, which in this case, means doing the right thing even if no one is looking. We love this home and there is no way we would jeopardize any part of it by ignoring a free permit.

As referenced in a previous response, if this permit applies to our property, we have asked the FCD for next steps to remedy the situation.

Sincerely,
John and Stacy Ambler
stacyinwestg@gmail.com
619-917-8801

RECEIVED

copies sent to remy Paul
Flathead CD   2/13/23

**Exhibit 2**
**Exhibit B**
**Page 14 of 22**



RECEI
JUN 1 4
Flathead CD

From: Mary T. McClelland, 500 Sloan Lane, West Glacier, MT 59936
marytreemcclelland@gmail.com (815) 482-7404

June 12, 2023

To: Hearing Officer Laurie Zeller, Flathead Conservation District Office, 133 Interstate Lane, Kalispell, MT, 59901

Re: Statement for Public Comment for the Declaratory Ruling on Lower McDonald Creek Ambler Violation per the Adopted Rules for the Flathead Conservation District to Implement the *Natural Streambed and Land Preservation Act* (MCA Title 75, Chapter 7)

I am submitting this comment for the record of the Declaratory Hearing scheduled for August 25, 2023.

I grew up in the National Park system as the child of a National Park employee and spent my childhood in Yellowstone and Glacier National Parks. I have continued to be a visitor and advocate for the health and welfare of our national parks. I have witnessed resident and visitor reverence and respect for the natural resources and unique and rare ecosystems in the parks. Most visitors and residents conduct themselves with commitment to maintain and protect those ecosystems and natural resources for all people and future generations. We demonstrate commitment to these values in our actions. I have also witnessed self-interest and disregard for those qualities and values due a national park. What has occurred in this case, intentional or not, is the latter. I would like to present my position that the Flathead Conservation District has lawful jurisdiction to administer the Natural Streambed and Land Preservation Act and request your careful consideration.

1. In all matters up to this point, the property owners have claimed that although this property is within the NPS boundary, the 0.05 acres is 'in-holder' private land under Flathead County zoning regulations. The property owners claim they obtained permission from the County to "do what you want with the land without restriction." In the County's defense, this claim is based on a flimsy unsigned email (at least the copy in the Exhibits is unsigned) from a Level 1 Planner (who had only been on the job a few months, per the staff listing at the time). No supporting correspondence from before or after this email, between any person of authority from the County with Stacy Ambler is provided [Exhibits FCD-42, 44, 46, 48, 50, 53, 55, 57, 59, 61, 63, 65, 67, 69, 71, 73].

2. It is the responsibility of Montana Conservation Districts to require, review, grant and issue permits *in advance* of any building near a streambank [Exhibit FCD-6 Adopted Rules (2020), Rule 2.1 and 2.2, Policy; [Exhibit FCD-76; Exhibit FCD-80]. Not yet included in the record, please see attached photos from November 1, 2022, showing the extreme streambank excavation and disregard for the integrity of the creek and creekbank, without any effort made to discover if such activity might be permitted. [Lower McDonald Creek November 1, 2022 #1, #2, #3]. A quick google search easily comes up with Streambank Protection Law in MT. As California residents and real estate people, Amblers should know of the multiple California Streambank protection laws and know to check for similar Montana laws.

3. It is the responsibility of owners to obtain a permit for *consideration* of a project is by law required in advance of any building activity. To try to obtain a permit after the streambank destruction and construction has occurred, claiming the FCD should have presented "data or analysis" [Exhibit FCD-2, page 2 paragraph 1] is immaterial. The FCD is not the owner. The FCD, based on the Adopted Rules definitions point out the violation is straightforward [Exhibit FCD-76] and states the finding to be "House under construction on the immediate bank of McDonald Creek. Streambank was excavated to create a pad for construction." In [Exhibit FCD-6 Adopted Rules (2020)] Rule 4 Definition of "Disturbance" is the "Physical alteration or modification means human actions resulting in the placement, removal, or disturbance of materials of any nature or character" and is not permitted. The FCD supervisors have made the determination that if this building is not removed, they will have allowed the strategy of 'build what you want' in hopes of getting away with it. This creates a disastrous precedent for Montana's natural streams whether in or out of the National Park. The construction work on the immediate bank of McDonald Creek is within the jurisdiction of the FCD.

4. In [Exhibit FCD-6 Adopted Rules (2020)] p.15, the supervisors shall determine the purpose of the project.

    a. This is where the description of the building by the applicants is misleading. Over and above the assault on the creek bank, the information the FCD was given after the complaints were filed, was that this was a 'home'. When in fact this building would easily be a commercial venture as a short-term rental, of which the Amblers already have others in Flathead County. This is relevant because [Exhibit FCD-6], Rule 10.2.a. states "the purpose of the project must be known." Had it been known; *the project would have had more scrutiny by all the agency overseers the owners avoided before starting and during construction and it is no secret this construction would have been denied a permit. The FCD does not grant permits to violate the Streambank Protection Act.*

    b. In that same light, whatever kind of dwelling unit this was going to be, [Exhibit FCD-6 Adopted Rules (2020)] it would have required specific standards that cannot be accomplished with the structure that has been illegally built, so there is no way to secure a 310 permit after construction. For example:
Project Standards, J. Dwelling Units (p44)
        1) Findings: Buildings represent concentrations of human activities. Such activities are essentially land based with people entering the aquatic environment only for relatively short periods of time for recreational purposes. Buildings are potentially harmful through creation of impervious surfaces, increasing surface storm runoff into the stream and possible sewer leakage.
        2) Standards: Buildings or portions thereof, over the bed or immediate banks[1] of a stream, are prohibited. This includes roof overhangs, drip lines, balconies, bay windows, and chimneys. **The district recommends structures be set at least twenty (20) feet back from the immediate (highest) bank of the stream** (not the high-water mark[2]).

5. In [Exhibit FCD-2, page 1 paragraph 2] it says, "The Amblers notified Glacier National Park of their intent to build in 2021. Glacier National Park did not require any permits and authorized the Amblers to connect their residence to the Apgar Village water and sewer

system." The owners say they kept the Park informed and were given water/septic hook up. Nowhere do they say what authority by name gave that permission, exactly when permission was granted nor any exact dates of any kind about when the work took place. Nor have they provided the FCD anything in writing, nor have they defined what exactly they told the Park they were building, and if they did, who was that and with what authority was this arrangement made? The Park has reported to the press more than once that the Amblers were told they needed to follow state and county regulations – *like everyone else*. **Thus, Glacier National Park informed the Amblers that the State and County has jurisdiction in this situation.** Had the Amblers sought proper permits, they would have found they were required to apply for a 310 permit and federal branch of streambank protections (the Army Corp of Engineers) would have also been consulted and required a Section 404 Permit). None of this happened.

6. Requesting time for an expert to "…gather, analyze and present relevant information and scientific data" [Exhibit FCD-2, page 1 paragraph 1] on the creek to attempt to 'prove' no damage has been done or will occur in the future, without a baseline or an inspection of the natural state of the creek in this location, is unscientific and after the fact cannot be substantiated. If this was important to the owners who claim to value the sensitivity of the site, the creek and the park – and who state they contacted the County in 2019 [Exhibit FCD-2, page 1 paragraph 2], "about building on their property" – they would have had this expert research done in the 4 years they had to investigate the relevant laws and precautions.

7. Regarding Ambler response [Exhibit FCD-51] to my complaint [Exhibit FCD-12], I have the following observations I wish to bring to your attention.

   a. Paragraph 2: The response denies my observation that the building was "quickly built". It is immaterial to the public how long they waited for their contractor to be available. From the public perspective, this building went up during the Park's most infrequently visited time, over the holidays and winter season in a matter of a couple of months.

   b. Paragraph 2: The winter barrel claimed to be used for heat for workers that is the 'standard' on most winter builds, misses the point. The complaint is about burning construction garbage within the park and the debris[3] that went into the creek from the burning. It may be a standard on private land in some places, but it is certainly not standard in the park. (National parks often have specific guidelines to ensure the conservation of the park's resources and to prevent any harm to the ecosystem). Yet the Park did not assert jurisdiction over the construction activity to halt the burning of construction waste.

   c. Paragraph 3: The Amblers claim "We have been planning this build for several years and in all our research at the County and the Park we were never made aware of this [FCD 310] permit." It's just a little hard to believe that the owners, both being professionals, with their long history here, and a local builder – that none of them would care enough to investigate how to best protect the natural flowing creek they intended to build into and take advantage of- with a simple google search. The very first thing in a search list is "Stream Permitting" and in the first couple of lines states *"must apply for a 310 permit through the local conservation district."* Click on the

link and the Flathead Conservation District and the message is clear, "If you are planning to work in or near a stream, you must get a 310 permit first. **It's Free. It's the Law.**"

d. Paragraph 5: The response to my complaint says, "We have had no intent to avoid or ignore any necessary steps needed in this build. It has been done with integrity, which in this case, means doing the right thing even if no one is looking. We love this home and there is no way we would jeopardize any part of it by ignoring a free permit." On the contrary, it is clear the build was done at a time and in a manner in hopes that no one was looking. *Actions have spoken louder than words.* The solution at hand is as FCD has determined - remove, repair, start over.

This creek is a premier fishing spot and wildlife setting, a tributary to a Wild and Scenic River, and the site of unique natural habitat events such as the 1964 flood and the 1939-1993 Bald Eagle concentrations.

I respectfully request that you carefully evaluate the evidence presented by concerned members of the public trying to protect the integrity of a culturally, historically and ecologically important creek in a National Park that belongs to everyone.

I am grateful for the opportunity to submit this comment and appreciate your consideration of my perspective.

Thank you for your attention to this matter as Hearing Officer.

Sincerely,


Mary T. McClelland



Footnotes:

1. [Exhibit FCD-6 Adopted Rules (2020)]. Definition "Immediate banks" means the area above the mean high-water mark and directly adjacent to the stream, which when physically altered or modified has the potential to affect the state of a stream.
2. [Exhibit FCD-6 Adopted Rules (2020)]. Definition "Mean high-water mark" means the line that water impresses on the land for sufficient periods to cause physical characteristics that distinguish the area below the line from above it. Characteristics of the area below the line include, when appropriate, deprivation of the soil of substantially all terrestrial vegetation and destruction of its agricultural value.
3. [Exhibit FCD-6 Adopted Rules (2020)]. Definition "Debris" means any vegetation, refuse material, or in-stream sand and gravel, created by the development of the project.

Lower McDonald Creek November 1, 2022 #1



Exhibit B
Page 19 of 22

Lower McDonald Creek November 1, 2022 #2



Exhibit B
Page 20 of 22

Lower McDonald Creek November 1, 2022 #3



Exhibit B
Page 21 of 22



Exhibit B
Page 22 of 22