David K. W. Wilson, Jr.
Robert M. Farris-Olsen
MORRISON, SHERWOOD, WILSON & DEOLA
401 North Last Chance Gulch
Helena, MT  59601
(406) 442-3261
(406) 443-7294 (Fax)
kwilson@mswdlaw.com
rfolsen@mswdlaw.com

*Attorneys for the Proposed
Intervenors FMSR*

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN AMBLER and STACY AMBLER,<br><br>Plaintiffs,<br><br>v.<br><br>FLATHEAD CONSERVATION DISTRICT,<br><br>Defendant. | Cause No.: CV 23-151-M-DLC-KLD<br><br>**PROPOSED INTERVENOR'S BRIEF IN SUPPORT OF MOTION TO INTERVENE** |

Comes now, Friends of Montana Streams and Rivers ("FMSR"), through counsel, and submits this brief in support of its motion to intervene pursuant to Rule 24, F. R. Civ. P.

**BACKGROUND**

1

In January, February and March 2023, the Flathead Conservation District ("FCD") received numerous complaints about a house under construction on the bank of MacDonald Creek. *See*, Ex. A, Flathead Conservation District Board of Supervisors Findings of Fact ("FOF"), Conclusions of Law ("COL") and Declaratory Ruling, FOF ¶ 4. A number of those complaints were filed by members of the group Protect Montana's Streams and Rivers. *See*, Ex. B, *McClelland Decl.*, ¶ 6; Ex. C, *Jungster Decl.*, ¶ 4. In those complaints, FMSR noted that the owners – John and Stacy Ambler – had not received a 310 permit to work within the immediate banks of McDonald Creek. *See*, Ex. B, ¶ 7; Ex. C, ¶ 6. FCD notified of the complaints and gave them fifteen days to respond. Ex. 1, FOF, ¶ 4. The Amblers responded, and a site inspection was conducted on February 27, 2023. *Id.*, FOF, ¶ 5. The inspection team found a violation and recommended to the FDC that the house be removed, the streambank restored and revegetated, a 310 permit be obtained prior to removal, and erosion control. *Id.* On March 13, 2023 FCD accepted the recommendations and notified the Amblers. *Id.* Thereafter, the Amblers requested, essentially, a stay of the decision, and then requested a declaratory ruling regarding FCD's jurisdiction. *Id.*, FOF, ¶¶ 6-7

FCD agreed to consider whether it had jurisdiction and held a public hearing on August 25, 2023. *Id.*, FOF, ¶ 12. During the public comment process, FMSR and its members submitted various public comments in support of FCD. *See*, Ex.

2

B, ¶¶ 12-13; Ex. C, ¶ 18. In those comments, FMSR members again noted the violations of the 310 Law and highlighted the regulatory vacuum that would be created absent FCD Jurisdiction. *See*, Ex. B, ¶¶ 12-13; Ex. C, ¶ 18. They further noted the importance of having county regulation to provide consistency, to protect their property, and to protect the environment. *See*, Ex. B, ¶¶ 12-13; Ex. C, ¶¶ 17-18.

On November 13, 2023, FCD issues its Order. In its order it determined it had jurisdiction over the property. *See* Ex. 1, *Declaratory Rulings*. The Amblers then filed this declaratory judgment action asking this Court to rule that FCD does not have jurisdiction. (ECF Doc. 1.)

## ARGUMENT

Federal Rule of Civil Procedure 24 provides for both intervention as a right and permissive intervention. Here, FMSR requests permission to intervene under either, or both standards.

### A. FMSR is entitled to intervention as of right.

A party is entitled to intervene as of right, under Rule 24(a)(2), when (1) the motion is timely; (2) the applicant claims a "significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's interest

3

is inadequately represented by the parties to the action. These standards are construed liberally in favor of potential intervenors. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). And the Court's review is guided by primarily by practical considerations, not technical distinctions. *Id.*

First, the application is timely. This matter was filed on December 12, 2023, and the preliminary pretrial conference was held on 16, 2024. (ECF Docs. 1, 18). Pursuant to the scheduling g order, April 26, 2024, is the deadline for both amendments and initial disclosures. (ECF Doc. 18). Cross-motions for summary judgment are June 3, 2024. *Id.* This motion is filed before the April 26, 2024, deadline, and Intervenors intend to comply with the present scheduling order if they are allowed to intervene. Their motion is therefore timely.

Second, FMSR has a "significant protectable interest." This standard only requires that the applicant (1) assert an interest that is protected by law and (2) demonstrates a relationship between that interest and the claims raised. *State ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). However, it is generally enough that the asserted interest is asserted is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue. *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818.

Here, FMSR has a legally protected interest. Its members live, recreate and reside in the area. Their legally protected interests include enforcement of

4

Montana's 310 law. Specifically, under § 75-7-125(2), MCA, FMSR would have been entitled to bring this declaratory judgment action on their own had the FCD determined it did not have jurisdiction over the project. Similarly, they have a legally protected interest in preventing public nuisances under § 75-7-122, MCA. The Ambler's project was done without prior approval, and is "declared a public nuisance and subject to proceedings for immediate abatement." FMSR, or its members, may bring an action to abate a public nuisance under § 45-8-112, MCA. Thus, the question of whether the Ambler's property is subject to the 310 law has an impact on FMSR's protectable interests under § 75-7-101 et seq.

FMSR also has protectable constitutional rights. FMSR has a right to a clean and healthful environment under Article II, Section 3 and Article IX, Section 1, of the Montana Constitution. Article II, Section 3, provides that ever person has an inalienable right to a "clean and healthful environment. As a corollary Article IX, section 1, requires that each "person shall maintain and improve a clean and healthful environment." The 310 was passed, in part, to ensure that these constitutional rights were protected and to provide adequate remedies for the protection of the environment. Section 75-7-102, MCA. The Ambler project challenges the ability of the state to regulate projects on private inholdings, which threatens FMSR's constitutional rights regarding a clean and healthful environment.

Additionally, FMSR's protectable interests arise from its past involvement with this project. Indeed, a public interest group "is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported." *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995). This right of intervention is broad and includes where a party has "participated in the administrative process." *Id.* In fact, the Courts consistently approve "intervention of right on the side of the federal defendant in cases asserting violations of environmental statutes[.]" *Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011). While this case does not involve federal defendant, the same rationale should apply. FMSR's members filed a number of complaints with the FCD and were involved in challenging the Ambler project from the beginning. SO as with *Idaho Farm Bureau Fed'n*, FMSR has a legally protected interest.

Third, as noted above, the outcome of this case will impair or impact, i.e. an affect, on FMSR's interests. *State ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006) ("Having found that appellants have a significant protectable interest, we have little difficulty concluding that the disposition of this case may, as a practical matter, affect it"); *see also*, F. R. Civ. P. 24 advisory committee's notes ("if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.").

Fourth, and finally, FMSR's interests are not adequately protected by existing parties. The burden of showing inadequacy is "minimal" and FMSR must only show that the representation of its interests "may be" inadequate. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d at 823. The focus of the inquiry should be on the "subject of the action" and not just the particular issue before the court at the time of the motion. *Id.* And it is sufficient for applicants to show that, because of the difference in interests, "it is likely that Defendants will not advance the same arguments as Applicants." *Id*, 268 F.3d at 824.

Under these standards, FCD "may be" inadequate to represent the interests of FMSR. Certainly, FCD and FMSR share the same goal of ensuring the FCD has jurisdiction over the Ambler's property, but FMSR's interest diverge because they are landowners in the area and have a "personal interest" in the outcome of the case. That interest, is simultaneously broader and narrower than FCD's. FCD's obligation is to enforce the 310 law and ensure it has jurisdiction over projects like the Amblers. In contrast, FMSR's interest is broader in that they seek to advance arguments concerning their constitutional rights to a clean and healthful environment. And, they are narrower, because the outcome of this case may affect their property rights. This interest is "narrower and more parochial interest[]" than the FCD asserts in protecting its jurisdiction. *Mille Lacs Band of Chippewa Indians*

7

*v. Minnesota*, 989 F.2d 994, 1001 (8th Cir. 1993); *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995).

**B. If the Court finds that intervention as a right is not appropriate, the Court should, nonetheless, permit FMSR to intervene as permissive intervenors.**

Alternatively, the court can and should allow permissive intervention. Rule 24(b) allows permissive intervention if (1) the intervenor shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. F. R. Civ. P. 24(b); *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). The Court must also determine whether it will cause undue delay or prejudice the adjudication of the original parties' rights. F. R. Civ. P. 24(b)(3)

These elements are all met here. The motion is timely, as demonstrated above. The Court has an independent basis for jurisdiction, the Court has jurisdiction under 28 U.S.C. 1331 for the same reasons it has jurisdiction over the existing parties. Nothing more is needed because the intervention is "ancillary or auxiliary to the main action." *Formulabs, Inc. v. Hartley Pen Co.*, 318 F.2d 485, 492 (9th Cir. 1963). And the questions of fact and law are similar – does the State have authority to inholdings under the 310 Law. And finally, intervention will not cause undue delay or prejudice because FMSR will abide by the same timelines as set forth in the current scheduling order. (ECF Doc. 18).

## CONCLUSION

8

For the reasons set forth herein, FMSR is entitled to intervene either permissively or as of right. In either case, the intervention will not cause any delay or prejudice to the parties as this case involves one claim regarding the enforceability of the 310 Law on inholdings in Glacier National Park. A copy of the Intervenors proposed answer is attached as Exhibit D.

Dated this __ day of April

                    MORRISON SHERWOOD
                    WILSON DEOLA, PLLP

                    By: _____
                    Robert Farris-Olsen

                    *Attorneys for the Proposed*
                    *Intervenors FMSR*