IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN AMBLER and STACY AMBLER, | CV 23–151–M–KLD |
| Plaintiffs, | |
| vs. | ORDER |
| FLATHEAD CONSERVATION DISTRICT, | |
| Defendant. | |

Friends of Montana Streams and Rivers ("FMSR") has filed a motion for leave to intervene in the above-captioned case as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissively under Fed. R. Civ. P. 24(b). (Doc. 20). Defendant Flathead Conservation District ("FCD") does not oppose the motion. (Doc. 20). Plaintiffs John and Stacy Ambler ("the Amblers") do oppose the motion, which is fully briefed. Because FMSR has demonstrated that the requirements of Rule 24(b) are satisfied, the Court grants FMSR's motion for permissive intervention.

**I.      Background**

The Amblers own a parcel of private property, also known as an "inholding," located in Apgar Village within Glacier National Park in Flathead

1

County, Montana ("the Property"). (Doc. 11 at ¶ 2 ). The Amblers purchased the Property in 2019, and later began construction of a house on the Property. (Doc. 1 at ¶ 13).

Defendant Flathead Conservation District ("FCD") is charged with administration of The Montana Natural Streambed and Land Preservation Act ("NSLPA"), Mont. Code Ann. § 75-7-101 *et seq.* (Doc. 11 at ¶ 3). In 2023, the FCD asserted jurisdiction over the Property and advised the Amblers that they were in violation of the NSLPA, that they must remove their structure, and that they must apply to the FCD for and obtain a 310 permit under the NSLPA for removal. (Doc. 11 at ¶ 4).

The Amblers requested a declaratory ruling from the FCD, asserting that federal and Montana law both say that the FCD does not have jurisdiction over the Property. (Doc. 11 at ¶ 5). On November 13, 2023, at the conclusion of the FCD's internal declaratory ruling proceedings, the FCD again decided that the Amblers violated the NSLPA, that they must remove their structure, and that they must apply for and obtain a 310 permit to do so. (Doc. 11 at ¶ 6).

On December 12, 2023, the Amblers filed this declaratory judgment action pursuant to 28 U.S.C. § 2201 *et seq.*, for the purpose "of determining the rights, duties and legal relations among the parties relating to federal versus state law and jurisdiction over construction activities on real property owned by the Amblers and

located within the boundaries of Glacier National Park." (Doc. 1 at ¶ 3). The Amblers invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 at ¶¶ 6-10). To support federal question jurisdiction, they assert that the United States has exclusive jurisdiction over the Property pursuant to 28 U.S.C. § 163. (Doc. 1 at ¶¶ 9-10). The Amblers seek a declaratory judgment in their favor and against FCD, declaring that the FCD has no jurisdiction over the Property and that the NSLPA does not apply to the Property. (Doc. 1 at ¶ 22(A)).

On April 29, 2024, FMSR filed the pending motion seeking leave to intervene as a defendant, either permissively or as of right, as to the sole claim alleged in the Complaint. (Doc. 20).

## II. Discussion

Rule 24(b) governs permissive intervention, and provides, in relevant part, that "[o]n timely motion, the court may permit anyone to intervene who…has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Ninth Circuit has held that permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

Whether to allow permissive intervention is within the broad discretion of the court. *See County of Orange v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986). In exercising its discretion, "the district court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

A. **Independent Ground for Jurisdiction**

The independent jurisdictional grounds requirement stems from the Ninth Circuit's "concern that intervention might be used to enlarge inappropriately the jurisdiction of the district courts." *Freedom from Religion*, 644 F.3d at 843. "This concern manifests itself most concretely in diversity cases where proposed intervenors seek to use permissive intervention to gain a federal forum for state-law claims over which the district court would not, otherwise, have jurisdiction." *Freedom from Religion*, 644 F.2d at 843. "But in federal-question cases, the identity of the parties is irrelevant and the district court's jurisdiction is grounded in the federal question(s) raised by the plaintiff." *Freedom from Religion*, 644 F.3d at 844. The Ninth Circuit has thus held that "[w]here the proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away." *Freedom from Religion*, 644 F.3d at 844.

As stated above, the Amblers have asserted that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Because the Amblers allege

4

that the United States has exclusive jurisdiction over the Property pursuant to 28 U.S.C. § 163, their Complaint raises a federal question. FMSR seeks to intervene on the side of FCS for the purpose of defending against the Amblers' declaratory judgment claim, and does not seek to assert any new claims. Accordingly, the independent jurisdictional grounds element does not apply in this case.

### B.     Timeliness

To determine whether a motion to intervene is timely, courts consider three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *County of Orange*, 799 F.2d at 537.

The Amblers argue FMSR's motion is untimely because FMSR was aware of the lawsuit when it was filed on December 12, 2023, but did not move to intervene until April 26, 2024—more than four months later and three days after the April 26, 2024, deadline for amending the pleadings. Because FMSR was not a party, however, it was not bound by the deadline to amend the pleadings. Notwithstanding the four month delay, this case is still in a relatively early stage. There have been no substantive motions or rulings, and the parties have not yet begun summary judgment briefing. (Doc. 18 at 2). To ensure that the Amblers are not prejudiced, FMSR will be required to comply with the summary judgment briefing deadlines in the scheduling order. (Doc. 18). Although FMSR does not

explain why it waited four months to file its motion, a four-month delay is not extraordinary. *See Droplets, Inc. v. Yahoo! Inc.*, 2019 WL 9443778, at *5 (N.D. Cal. Nov. 19, 2019) (finding that an unexplained six-month delay was not extraordinary and did not provide a basis for denying permissive intervention).

Because the case is still in a relatively early stage and the Amblers will not be prejudiced if FMSR is allowed to intervene, the Court finds that FMSR's motion is timely.

### C. Common Question of Law and Fact

FMSR has demonstrated there are common questions of law and fact between the defenses it intends to assert and the Amblers' claims, including the primary question of whether the state has jurisdictional authority over the Property pursuant to NSLPA. While the Amblers oppose allowing FMSR to permissively intervene, they do not address this factor. (Doc. 24 at 11-13). Because FMSR's defenses share common issues of law and fact with the Ambler's claims, this factor for permissive intervention is also satisfied.

### D. Additional Factors

Where, a here, the requirements for permissive intervention under Rule 24(b) are met, the court may "consider other factors in making its discretionary decision on the issue of permissive intervention." *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977). These additional factors include the

"nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case." *Spangler*, 552 F.2d at 1329. The court may also consider "whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking invention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler*, 552 F.2d at 1329.

Several of these additional factors also weigh in favor of allowing FMSR to permissively intervene. FMSR has an interest in enforcement of the NSLPA and advancing its right to a clean and healthful environment under the Montana constitution. The legal position that FMSR seeks to advance is closely related to the merits of the case, and permitting FMSR to intervene will not prolong or unduly delay this litigation. Finally, the Court finds that permitting FSMR to intervene and brief the issues raised on summary judgment will contribute to an equitable adjudication of the legal questions presented.

### III. Conclusion

For the reasons stated above, the Court concludes that criteria for permissive intervention under Rule 24(b) are satisfied. Because the criteria for permissive intervention are satisfied, the Court need not address whether FMSR would also be

entitled to intervene as of right under Rule 24(a). *See e.g. Hartford v. Ferguson*, 2023 WL 3853011, at *2 (W.D. Wash. June 6, 2023) (granting permissive intervention under Rule 24(b) and declining to address intervention as of right under Rule 24(a)). Accordingly,

IT IS ORDERED that FMSR's motion to intervene permissively pursuant to Fed. R. Civ. P. 24(b) is GRANTED. The Clerk of Court is directed to add FMSR as a Defendant-Intervenor, and the case caption shall be modified accordingly. FMSR shall filed its proposed answer (Doc. 20-4) without delay.

IT IS FURTHER ORDERED that FMSR shall abide by all remaining deadlines set forth in the March 26, 2024, Scheduling Order. (Doc. 18).

DATED this 28th day of May, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge