Camisha Booth Sawtelle
Sawtelle Law Firm PLLC
PO Box 5117
Whitefish, MT 59937
(406) 730-1399
Attorney for Defendant

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| JOHN AMBLER AND STACY AMBLER,<br>Plaintiffs,<br><br>vs.<br><br>FLATHEAD CONSERVATION DISTRICT,<br>Defendant. | CV 23-151-M-DLC-KLD<br><br>**BRIEF IN SUPPORT OF MOTION FOR<br>SUMMARY JUDGMENT** |

## TABLE OF CONTENTS

Page Number

TABLE OF AUTHORITIES……………………………………………………………………. ii

I. INTRODUCTION………………………………………………………………………… 1
II. BACKGROUND…………………………………………………………………………… 1
III. STANDARD OF REVIEW……………………………………………………………… 3
IV. ARGUMENT………………………………………………………………………………… 4

    A. The Ambler Property is private property that has always been in
    private ownership and is not regulated by the Department of the
    Interior…………………………………………………………………………………… 4

    B. The Existing Statutes and Regulations for Glacier National Park
    support FCD's position………………………………………………………………. 9

    C. Public Policy Creating National Parks is consistent with the Act

i

Page Number

    and other laws protecting water quality in the State of
    Montana……………………………………………………………………………………………  13
  D. Location of the Ambler Property does not preempt
     enforcement of a State Law………………………………………………………  15
  E. Nuisance…………………………………………………………………………………………  19

V. CONCLUSION……………………………………………………………………………………  21

CERTIFICATE OF COMPLIANCE …………………………………………………………………  23

### TABLE OF AUTHORITIES

**Cases**

*Altria Group v. Good*, 555 U.S. 70 (2008)……………………………………………………  18
*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986)…………………………………  4
*Bhan v. NME Hosps., Inc*., 929 F.2d 1404 (9th Cir. 1991)……………………………  4
*Bohmker v. Oregon,* 903 F.3d 1029 (2018)……………………………………………………  16
*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986)………………………………………………  3, 4
*Crosby v. National Foreign Trace Council*, 530 US 363 (2000)…………………………  15
*Euclid v. Ambler Realty Co., 272 U.S. 365* (1926)…………………………………………  20
*Florida Avocado Growers v. Paul,* 373 U.S. 132 (1963)…………………………………  17
*Hughes v. Talen Energy Mktg., LLC,* 578 US 150 (2016)…………………………………  15
*Macomber v. Bose*. 401 F.2d 545 (1968)…………………………………………………………  7-8
*Omaecheverria v. Idaho*, 246 U.S. 343 (1918)………………………………………………  15
*Radice v. New York,* 264 U.S. 292 (1924)………………………………………………………  20
*United States v. Unzeuta* 281 U.S. 138 (1930)……………………………………………  13, 14

**United States Constitution**

U.S. Const., Art. VI, cl. 2………………………………………………………………………………..  15

Page Number

**Federal Statutes**

16 U.S.C. § 161.................................................................................................... 5-7
16 U.S.C. § 162.................................................................................................... 6, 10
16 U.S.C. § 163.................................................................................................... 5-7
33 U.S.C. § 1344.................................................................................................. 14
42 § U.S.C. 4331 et seq...................................................................................... 12
43 U.S.C. § 1732(b)............................................................................................ 9
54 U.S.C. § 100101(a)........................................................................................ 13, 18

**Federal Regulations**

36 C.F.R. §1.1(b)................................................................................................. 10
36 C.F.R. § 5.13.................................................................................................. 20
36 C.F.R. §7.3(a)-(b) and (d)-(f)...................................................................... 11

**Montana Statutes**

M.C.A. § 2-1-205................................................................................................ 7
M.C.A. § 75-5-318.............................................................................................. 14
M.C.A. § 75-7-101 et seq.   ........................................................................ 1, 2, 13, 20

**Administrative Rules of Montana**

ARM 36.2.402(5)................................................................................................ 2

**Attorney General Opinions**

37 *Montana Att'y Gen. Op.* 15 (1977)............................................................ 19
38 *Montana Att'y Gen. Op.* 64 (1980)............................................................ 19

## I.   INTRODUCTION

Defendant Flathead Conservation District ("FCD") seeks a summary judgment that it has jurisdiction over a private inholding in Glacier National Park to enforce the Montana Natural Streambed and Land Preservation Act, found at Title 75, Chapter 7, Part 1, Mont. Code Ann. ("the Act").

## II.   BACKGROUND

Pursuant to the Fed. R. Civ. P. 16(c)(2)(C), the facts set forth in the Statement of Stipulated Facts (Doc. 11) are admitted and agreed to. In addition, and in accordance with Fed. R. Civ. P. 56 and Local Rule 56.1, FCD has submitted its Statement of Facts that FCD contends are material to resolution of this case and are not disputed or cannot genuinely be disputed.

FCD asserts Stacy Ambler and John Ambler ("Plaintiffs") violated the Act by building a home on the immediate bank of McDonald Creek, a perennial stream on the real property they own in Flathead County, Montana. The property is described as:

1

Tract 10 of Certificate of Survey Number 17376 situated in Government Lot 3, Section 23, Township 32 North, Range 19 West P.M.M., Flathead County, Montana ("Ambler Property").

Upon receipt of numerous complaints regarding the home, FDC adhered to all procedures outlined in statute, administrative rules, and local rules. Pursuant to a declaratory ruling process, FCD concluded that:

a. FCD has the authority to determine its jurisdiction and has the responsibility to administer the Act on projects undertaken by all private parties.

b. The home, decks, roof line, and retaining wall of the Ambler Property are within the immediate banks of McDonald Creek and is a physical alteration or modification that resulted in a change in the state of a natural, perennial-flowing stream or river, its bed, or its immediate banks. MCA § 75-7-103(6), ARM 36.2.402(5).

c. Given the intent and policy of the Act, and considering the federal government has done nothing to regulate the structure, the record supports a determination FCD has jurisdiction over the Ambler Property.

2

FCD ordered the home built on the Ambler Property to be removed and the Amblers submit a plan for remediation.

Plaintiffs are disputing the determination FCD has jurisdiction over the Ambler Property. Plaintiffs claim the Act does not apply, and they did not require a permit from FCD prior to doing work on McDonald Creek. Plaintiffs seem to also assert that regulations of Glacier National Park do not apply, suggesting that development on a private inholding on the bank of an iconic stream in Glacier National Park is essentially unregulated. FCD refutes this unreasonable conclusion and asks this Court to grant their motion for summary judgment that the Act applies to the Ambler Property.

### III.   SUMMARY JUDGMENT STANDARD

A court should grant summary judgment if the record shows no genuine issue exists as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

In seeking summary judgment, the movant informs the court "of the basis for its motion, and identifies those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which

it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. After the movant does so, to avoid summary judgment, the nonmovant must present evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

## IV.    ARGUMENT

**A.    The Ambler Property is private property that has always been in private ownership and is not regulated by the Department of the Interior**.

The Ambler Property is privately owned and has never been purchased by or titled to the Federal Government. The United States General Land Office granted the property which includes what is now the Ambler Property to Charles Howes in 1908, and it has remained in private ownership since. On May 21, 1908 Charles Howes received title under the Homestead Act to a 182-acre parcel in Montana. The parcel was surrounded by property that would soon become Glacier National Park. Over the years the original 182-acre parcel was broken up into smaller parcels. A large portion was purchased by the United States

Government and became part of Glacier National Park. Other portions remained in private ownership. In 1988 a 0.053-acre portion of the original Howes claim was broken off and granted to Betty Ella Trebesch Schultz. In 2019 Plaintiffs purchased the 0.053-acre portion of what was initially titled to Charles Howes. Plaintiffs pay property taxes to the Flathead County Treasurer on the Ambler Property. Included in the tax bill is the Soil and Water Conservation Fee, which funds the Flathead Conservation District.

Plaintiffs cite 16 U.S.C. § 163 in their Complaint and claim, "Sole and exclusive jurisdiction is assumed by the United States over the territory embraced within the Glacier National Park." FCD disagrees the Ambler Property is part of the territory embraced within Glacier National Park. Instead, jurisdiction over the Ambler Property is determined by 16 U.S.C. § 161, which establishes the boundaries of Glacier National Park and further states:

> Nothing herein contained shall affect any valid claim, location, or entry existing under the land laws of the United States before May 11, 1910, or the rights of any such claimant, locator, or entryman to the full use and enjoyment of his land.

With this statute, Congress defined the boundaries of Glacier National Park on

May 11, 1910 and specifically excluded property held in private ownership prior

to the creation of the park.

Plaintiffs further rely on 16 U.S.C. § 162 to support their position the

private inholding was ceded to the federal government:

> Glacier National Park shall be under the exclusive control of the
> Secretary of the Interior, whose duties it shall be, as soon as practicable,
> to make and publish such rules and regulations not inconsistent with the
> laws of the United States as he may deem necessary or proper for the
> care, protection, management, and improvement of the same, which
> regulations shall provide for the preservation of the park in a state of
> nature so far as is consistent with the purposes of this section and
> section 161 of this title, and for the care and protection of the fish and
> game within the boundaries thereof.

However, the area included in Glacier National Park specifically excludes property

under private ownership, as defined by 16 U.S.C. § 161. Further, the Secretary of

the Interior does not regulate for the care, protection, management and

improvement of private inholdings within the boundaries of Glacier National Park.

The Secretary of the Interior has no process for regulation of home construction

within the immediate banks of a stream on private property within the

boundaries of Glacier National Park.

Plaintiffs finally rely on 16 U.S.C. § 163 to support their position the Act does not apply to their property in that "sole and exclusive jurisdiction is assumed by the United States over the territory embraced within the Glacier National Park." Plaintiffs fail to acknowledge § 163 relies on the property description provided in § 161. As stated above 16 U.S.C. § 161 specifically excludes property claimed prior to 1910. The Ambler Property is not territory embraced within the Glacier National Park. The provisions of 16 U.S.C. § 163 do not apply to the Ambler Property. The Montana statute ceding jurisdiction mirrors that of the federal statutes and relies on the area set aside on May 11, 1910. M.C.A. § 2-1-205.

Plaintiffs are aware of the Ninth Circuit Court of Appeals decision from 1968, *Macomber v. Bose*. 401 F.2d 545. In *Macomber*, the Montana Federal District Court held that state law controlled in a dispute over the right to divert water and dismissed the case. On appeal, the Ninth Circuit overturned the dismissal and determined the federal courts had jurisdiction. Similar to the Ambler Property, the dispute in *Macomber* was in Glacier National Park. However, the *Macomber* decision did not address whether a particular state law should apply to property in Glacier National Park. The only issue before the Court was if

7

federal court jurisdiction over the dispute. No state agency was a party to the case. The Court in *Macomber* read 16 U.S.C. § 163 without considering the necessary connection to the description of the property include in Glacier National Park provided in 16 U.S.C. § 161. Similarly, Plaintiffs fail to acknowledge § 163 relies on the property description provided in § 161, and that property description excludes private inholdings such as the Ambler Property.

Private inholdings in Glacier National Park are not under the exclusive jurisdiction of the federal government. Rather the Ambler Property must be treated as any other privately owned parcel in Flathead County, Montana and adhere to the Act and all other state and local laws.

FCD has a history of granting 310 permits to parties doing work in Glacier National Park and other federal lands. Examples include a permit granted to Flathead Electric Coop to bore under a stream on property owned by the U.S. Government in Glacier National Park; a permit granted to Big Mountain Inc. to replace a culvert on property owned by the U.S. Forest Service; and, a permit granted to the Forest Service to maintain roads across private property. These examples support the FCD's position that they have jurisdiction over the Ambler Property.

If the Court determines private inholdings are unique from other private property, FCD still has jurisdiction over the Ambler Property as follows.

## B.     The Existing Statutes and Regulations for Glacier National Park support FCD's position.

FCD disagrees that private inholdings are under the exclusive jurisdiction of the federal government. Even if the Court finds that federal laws apply to the private inholding at issue, the applicable statutes and regulations clarify and support FCD's position regarding jurisdiction over the Ambler Property.

### 1.  Statutes

Plaintiffs assert that only federal laws apply to the Ambler property and as such they should be regulated as any other parcel in Glacier National Park. An examination shows otherwise.

Federal statutes require the Secretary of the Interior to take any action necessary to prevent unnecessary or undue degradation to public lands. 43 U.S.C. § 1732(b). Arguably constructing a home within the immediate banks of a stream has the potential to cause undue degradation of public lands. Federal statutes specific to Glacier National Park prohibit construction of homes on federal land:

> After January 26, 1931, no permit, license, lease, or other authorization
> for the use of land within the Glacier National Park, Montana, for the
> erection and maintenance of summer homes or cottages shall be
> granted or made: Provided, however, That the Secretary of the Interior
> may, in his discretion, renew any permit, license, lease, or other
> authorization for such purpose granted or made prior to January 26,
> 1931. (16 U.S.C. § 162a).

If the Ambler Property is under the exclusive jurisdiction of the Secretary of

the Interior, the home they built is prohibited pursuant to federal statute.

## 2. Regulations

The Code of Federal Regulations outlines both general regulations for

National Parks and regulations specific to Glacier National Park. None of which

support the Plaintiffs' claim that their private inholding is essentially unregulated.

The purpose of the National Parks are to "conserve scenery, natural and historic

objects, and wildlife, and to provide for the enjoyment of those resources in a

manner that will leave them unimpaired for the enjoyment of future

generations." 36 C.F.R. §1.1(b). Arguably constructing a home within the

immediate banks of a perennial stream contradicts the purpose of the National

Parks. The regulations specific to Glacier National Park include detailed processes

for regulating fishing, operation of eating, drinking and lodging establishments,

use of motorboats and Canadian dollars. 36 C.F.R. §7.3(a)-(b) and (d)-(f). Notably

absent are any regulations related to construction of homes on the immediate

banks of a perennial stream on private inholdings within the Park.

The existence of private inholdings is acknowledged in 36 C.F.R. §7.3(c)

related to water supply and sewage disposal systems in Glacier National Park.

> The provisions of this paragraph apply to the privately owned lands
> within Glacier National Park.
>
> (1) *Facilities.* (i) Subject to the provisions of paragraph (e)(3) of this
> section, no person shall occupy any building or structure intended for
> human habitation, or use, unless such building is served by water
> supply and sewage disposal systems that **comply with the standards
> prescribed by State and county laws and regulations applicable in the
> county within whose exterior boundaries such building is located.**
> (2) *Inspections.* (i) The appropriate State or county health officer,
> the Superintendent, or their authorized representatives or an officer of
> the U.S. Public Health Service, may inspect any water supply or sewage
> disposal system, from time to time, in order to determine whether such
> system complies with the **State and county standards** (*emphasis
> added).*

Here the regulations for septic systems defer completely to State and County laws

and regulations applicable in the county within whose exterior boundaries a

building is located. These regulations contradict Plaintiffs' position that private

inholdings under exclusive federal jurisdiction. The regulations support FCD's

11

position that State and County Laws apply to the Ambler Property. Although frustratingly incomplete, the deference to State and County in federal regulations specific to Glacier National Park supports FCD jurisdiction over the Ambler Property.

### 3. NEPA

It is worth noting that an analysis under the National Environmental Policy Act (NEPA) analysis would have been required if the project on the Ambler Property had been proposed on federal lands, required passage across federal lands, or impacted air or water quality that is regulated by federal law. 42 § U.S.C. 4331 et seq. A NEPA analysis would have been triggered through the application for a permit issued by a federal agency. Here the Plaintiffs applied for no permit, so the environmental effects of their project were not considered.

Overall, the federal laws and regulations controlling private inholdings in national parks are unreasonably inadequate. It is illogical to conclude these areas are thus unregulated. Rather state and local laws apply to these private properties.

**C.     Public Policy Creating National Parks is consistent with the Act and other laws protecting water quality in the State of Montana.**

The purpose of the National Parks, including Glacier National Park, is to conserve the scenery, natural and historic objects, and wildlife in the system units and to provide for the enjoyment of the scenery, natural and historic objects, and wildlife in such manner and by such means as will leave them unimpaired for the enjoyment of future generations. 54 US Code § 100101(a). The purpose of the Act is to:

> provide adequate remedies for the protection of the environmental life support system from degradation and provide adequate remedies to prevent unreasonable depletion and degradation of natural resources. Further, it is the policy of the State of Montana that its natural rivers and streams and the lands and property immediately adjacent to them are to be protected and preserved to be available in their natural or existing state and to prohibit unauthorized projects.

MCA § 75-7-102 (1) and (2).

The purpose of National Parks is entirely consistent with the purpose of the Act. Even if the State of Montana ceded jurisdiction, the private property within the boundary of Glacier National Park would be subject to the Act. In *United States v. Unzeuta* the US Supreme Court found when "a state cedes jurisdiction to the United States, the state may impose conditions that are not inconsistent with

13

the carrying out of the purpose of the acquisition." 281 U.S. 138 (1930). Here, the public policy creating Glacier National Park is consistent with the Act. The State of Montana, through the Act, has imposed conditions that are consistent with carrying out the purpose of the acquisition. FCD is correct in assuming jurisdiction over Plaintiffs' private property.

There are rigorous rules related to construction on public lands within Glacier National Park (and all federal lands), none of which were complied with by Plaintiffs. If the Park Service was initiating a project with potential impacts to a waterbody in Montana, they would obtain a Section 404 permit from the Army Corps of Engineers before discharging any dredged or fill material into waters of the United States. 33 U.S.C. § 1344. In addition, any person agency, or entity, both public and private, initiating construction activity that will cause short term or temporary violations of state surface water quality standards for turbidity must obtain a permit from Montana Department of Environmental Quality M.C.A. § 75-5-318. Although outside the scope of this litigation, it is worth noting Plaintiffs obtained no permits for their project and instead proceeded as though their private inholding in Glacier National Park was an unregulated private island within a highly protected public property.

14

**D.     Location of the Ambler Property does not preempt enforcement of a State Law.**

The location of the Ambler Property does not provide a blanket preemption of enforcement of state and local laws. FCD concedes that, pursuant to the Supremacy Clause in Article VI of the United States Constitution, federal law preempts contrary state law. U.S. Const., Art. VI, cl. 2., *Hughes v. Talen Energy Mktg., LLC*, 578 US 150, (2016). State law is preempted where Congress has legislated comprehensively to occupy an entire field of regulation, leaving no room for the states to supplement federal law. *Hughes* at 163. State law is also preempted when it stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. *Crosby v. National Foreign Trace Council*, 530 US 363, 373 (2000). However, the Supreme Court long ago held that if federal law is silent, states usually have regulatory authority over activities on federal lands.  *Omaecheverria v. Idaho*, 246 U.S. 343 (1918). The Federal Government is silent on the issue of regulating buildings on the immediate banks of perennial streams on private inholdings in Glacier National Park. It is illogical to conclude that absent federal regulation, the intent of Congress was to allow

unrestricted development of private land in Glacier National Park. State law that supports the purpose of national parks applies to private inholdings.

In *Bohmker v. Oregon*, the State of Oregon sought to regulate certain forms of gold mining in streams within the state. 903 F.3d 1029 (2018). In Oregon much of that gold mining occurs on streams on federal lands, and is regulated on federal lands by federal law, the Mining Act of 1872. *Bohmker* at 1032. The miners argued that the state law should not apply as it was preempted by the federal law. *Bohmker* at 1040. The Ninth Circuit Court of Appeals disagreed and upheld the application of the state law. The Court held Congress intended reasonable state environmental regulation to govern mining on federal lands when it passed the 1872 law. The Oregon law intended to protect the natural environment by prohibiting the use of particular mining methods or equipment in carefully designated locations was not so at odds with Congress's purposes that it is preempted by federal law. *Bohmker* at 1051.

Similarly, the purpose of the Act is not at odds with the purpose of Congress in establishing Glacier National Park. Reasonable state environmental regulation is not pre-empted. Lacking any federal law to the contrary, the Act is applicable on the Ambler Property.

The federal laws do not preempt state regulation except for "pervasive reasons" such as showing that compliance with both is a physical impossibility or where Congress evidences a clear intent to preempt state control. *Florida Avocado Growers v. Paul,* 373 U.S. 132, 142 (1963). In *Florida Avocado Growers*, growers from Florida challenged the constitutionality of a California statute restricting the transport or sale of avocados based on oil content. The Florida growers wanted to comply solely with a federal statute that restricted the sale of avocados based on different metrics. They suggested that the supremacy clause prevented application of the more rigorous state law. *Florida Avocado Growers* at 134. The U.S. Supreme Court held both federal and state regulations could operate. The state regulation did not impair the supremacy of the federal regulation regarding avocado sales. *Florida Avocado Growers* at 150. The Court held the coexistence of federal and state regulatory legislation depends on whether the of the two laws are parallel or divergent. *Florida Avocado Growers* at 142. Although *Florida Avocado Growers* dealt with the field of commerce, the same logic should be applied to the application of stream protection laws. In the case at hand, federal regulations do not specifically address stream protection. However, the intent of the existing federal regulations does not conflict with the

Act and therefore does not preempt enforcement of the Act by FCD on the Ambler Property.

Even where an intent to preempt is explicit in a statute, there will almost always be some question about how broad the preemption was intended to be, and whether the state law to be preempted falls within the intended scope of preemption. *Altria Group v. Good*, 555 U.S. 70, 76 (2008). If a federal law contains an express pre-emption clause, it does not immediately end the inquiry because the question of the substance and scope of Congress' displacement of state law still remains. *Altria Group* at 77. The intent of the national parks is to "conserve the scenery and the natural and historic objects and the wild life therein and to provide for the enjoyment of the same in such manner and by such means as will leave them unimpaired for the enjoyment of future generations." 54 U.S.C. § 100101(a). This is compatible with the intent of the Act. There are no federal regulations regarding excavating the immediate banks of a perennial stream on private inholdings in Glacier National Park. Lacking any specific federal regulation, the state law is not preempted and can be applied to the Ambler Property.

The Montana Attorney General relied on U.S. Supreme Court holdings to conclude the Act is appliable to non-federal projects on federal land unless the

18

state regulation inherently conflicts with applicable federal regulation. 37

*Montana Att'y Gen. Op.* 15 (1977). This 1977 Opinion of the Montana Attorney

General is consistent with a 1980 opinion interpreting MCA § 2-1-202 to conclude

that a plumbers licensing law may be enforced on Malmstrom Air Force Base as to

nonfederal entities so long as application of state law does not interfere with the

U.S. government's use of the property for military purposes. 38 A.G. Op. 64

(1980).

Here, the project was initiated by a private party. The Ambler Property is

private land, not federal land. Regardless, enforcement of the Act is entirely

consistent with the purpose of the National Parks and does not interfere with, but

rather supports, the U.S. government. The Act applies to private projects

conducted by private citizens no matter the landownership unless it interferes

with federal purposes. Glacier National Park lacks regulations related to

construction on private property. FCD has jurisdiction over the project on the

Ambler Property.

### E. Nuisance

The construction of a home on the immediate bank of McDonald Creek

without a permit is a nuisance. The creation or maintenance of a nuisance upon

the federally owned lands of a park area or upon any private lands within a park

area under the exclusive legislative jurisdiction of the United States is prohibited.

36 C.F.R. § 5.13. "The question whether the power exists to forbid the erection of

a building of a particular kind or for a particular use, like the question whether a

particular thing is a nuisance, is to be determined, not by an abstract

consideration of the building or of the thing considered apart, but by considering

it in connection with the circumstances and the locality." *Euclid v. Ambler Realty*

*Co., 272 U.S. 365*, 388 (1926). "A nuisance may be merely a right thing in the

wrong place, like a pig in the parlor instead of the barnyard." *Radice* v. *New York*,

264 U.S. 292, 294 (1924). Excavating a stream bank on a private inholding on a

pristine stream in Glacier National Park to construct a home without a permit or

any environmental review is a nuisance. The locality and circumstances support

the determination that this project is a nuisance.

In Montana, a project engaged in by any person without prior approval of,

or activities performed outside the scope of written consent of the Conservation

District Board of Supervisors, is declared a public nuisance and is subject to

proceedings for immediate abatement. M.C.A. § 75-7-122. This applies to work on

public or private property.

Here Plaintiffs initiated a project without the consent of the FCD or any other entity. Under state or federal jurisdiction, the home on the Ambler Property is a nuisance and is prohibited under federal law and subject to immediate abatement under the Act.

## V.  CONCLUSION

Based on the above FCD respectfully asks this Court grant its motion for summary judgment. The Ambler Property is private property that was never purchased by or titled to the Federal Government. It is not subject to the laws and regulations of Glacier National Park and as such is subject to all state and local laws. FCD has jurisdiction over the Ambler Property.

If the Court finds that this private inholding is part of the area ceded to federal jurisdiction, the Act is a reasonable regulation which supports the purpose of the Park Service. FCD has assumed jurisdiction over previous projects in the Park. There are no conflicting federal statutes or regulations. By initiating a project on the immediate banks of McDonald Creek without a permit the Plaintiffs have created a public nuisance. For these reasons, this Court should avoid the unreasonable result that a private inholding on a pristine stream in

Glacier National Park is subject to no regulation. Keeping with the purpose of the

National Parks and the Montana Natural Streambed and Land Preservation Act,

the court should grant their motion for summary judgment and find the Flathead

Conservation District has jurisdiction over the Ambler Property.


     Respectfully submitted this 3rd day of June, 2024.


SAWTELLE LAW FIRM PLLC

By:      /s/    Camisha Booth Sawtelle

     Attorney for Defendant

**CERTIFICATE OF COMPLIANCE**

I, the undersigned counsel of record, hereby certify that this brief is proportionally spaced, has a typeface of 14 points or more, and contains less than 6500 words in accordance with Local Rule 7.1(d)(2)(E). I relied on Microsoft Word to obtain the word count.

SAWTELLE LAW FIRM PLLC

By:  _____/s/____ Camisha Booth Sawtelle____

Attorney for Defendant