**Trent Baker**
**J.R. Casillas**
Datsopoulos, MacDonald & Lind, P.C.
201 West Main Street, Suite 201
Missoula, Montana 59802
(406) 728-0810
tbaker@dmllaw.com
jrcasillas@dmllaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN AMBLER and STACY AMBLER, | CV 23-151-M-DLC-KLD |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS** |
| FLATHEAD CONSERVATION DISTRICT, | |
| Defendant, | |
| and | |
| FRIENDS OF MONTANA STREAMS AND RIVERS | |
| Intervenor. | |

Page 1 – Plaintiffs' Statement of Undisputed Facts

Plaintiffs, John and Stacy Ambler (hereinafter "Amblers" and/or "Plaintiffs'"), pursuant to Fed. R. Civ. P. 56 and L.R. 56.1, submit the following statement of undisputed facts:

1. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because the Property is located in this District, the events giving rise to Plaintiffs' claims occurred in this District and the FCD conducts activities and may be found in this District.  Statement of Stipulated Facts, ¶ 1 (Doc. 11, p. 2).

2. The real property at issue is private property, also known as an "inholding," owned by the Amblers and is located in Apgar Village within Glacier National Park (hereinafter the "Property") and is more particularly described as:

**S23, T32 N, R19 W, 17376-10, PARCEL N/A, TR 2EBCA IN L3, FLATHEAD COUNTY, MONTANA.**

Doc. 11, p. 2, ¶ 2.

3. The FCD is a governmental subdivision of the State of Montana charged in part with administration of The Montana Natural Streambed and Land Preservation Act (the "NSLPA") under Mont. Code Ann. § 75-7-101 et seq. Mont. Code Ann. § 76-15-103(3); Doc. 11, p. 2, ¶ 3.

4. In 2023, the FCD asserted jurisdiction over the Property and advised the Amblers that they violated the NSLPA, that they must remove their structure and that they must apply to the FCD for and obtain a 310 permit under the NSLPA for

the removal.  Doc. 11, pp. 2-3, ¶ 4.

5.  The Amblers requested a "declaratory ruling" from the FCD, which is an internal or administrative process that allows a party to appeal a determination that the FCD has jurisdiction, wherein the Amblers asserted that federal and Montana law both say that the FCD does not have jurisdiction over the property.  Doc. 11, p. 3, ¶ 5.

6.  On November 13, 2023, at the conclusion of the FCD's internal declaratory ruling proceedings, the FCD again decided that the Amblers violated the NSLPA, that they must remove their structure and that they must apply for and obtain a 310 permit to do so.  Doc. 11, p. 3, ¶ 6.

7.  The FCD made this decision after receiving a Technical Memo and draft 310 Application prepared by environmental consultant Mike Sanctuary (Affid. Mike Sanctuary, Doc. 24, pp. 27-31; 310 Application, Doc. 24, pp. 34-40; and Technical Memo, Doc. 24, pp. 44-80), who concluded that, if the FCD had jurisdiction and NSLPA applied, the Amblers would be entitled to a 310 Permit under the factors set forth in Mont. Code Ann. § 75-7-112 (9), because:

   a. the Ambler's house is constructed outside of the ordinary high water mark and the 100-year floodplain of McDonald Creek and construction did not alter the bed or banks of McDonald Creek (Doc. 24, p. 35);

b. that the house will not disturb riparian and wetland vegetation or disrupt aquatic habitat (Doc. 24, p. 36); and

c. the house will not affect the direction or velocity of water flows in McDonald Creek or effect flows during flood events (Doc. 24, p. 37).

8. Mr. Sanctuary reviewed the other information and comments submitted to the FCD, is unaware of any similar analysis regarding the Ambler property, and none of the other information submitted to the FCD changed his conclusions (Doc. 24, pp. 29-30).

9. The FCD asserts that it has jurisdiction over the Amblers' Property, that the 310 Law applies to the Ambler Property and the FCD has the jurisdiction to decide that the Amblers violated the NSLPA, that they must remove their structure and that they must apply for and obtain a 310 permit from the FCD to do so. Doc. 11, p. 3, ¶ 7.

10. The Amblers dispute that the FCD has jurisdiction over the Property and dispute that the NSLPA applies to the Property. Doc. 11, p. 3, ¶ 8.

DATED this 3rd day of June, 2024.

DATSOPOULOS, MacDONALD & LIND, P.C.

By:   /s/ Trent Baker
           Trent Baker
           J.R. Casillas
           *Attorneys for Plaintiffs*

Page 4 – Plaintiffs' Statement of Undisputed Facts