Camisha Booth Sawtelle
Sawtelle Law Firm PLLC
PO Box 5117
Whitefish, MT 59937
(406) 730-1399
camisha@sawlawmt.com
Attorney for Defendant

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| JOHN AMBLER AND STACY AMBLER, | |
| Plaintiffs, | CV 23-151-M-DLC-KLD |
| vs. | **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT** |
| FLATHEAD CONSERVATION DISTRICT, | |
| Defendant, | |
| and | |
| FRIENDS OF MONTANA STREAMS AND RIVERS, | |
| Intervenors | |

Defendant, Flathead Conservation District ("FCD") files this response in

opposition to Plaintiffs Stacy Ambler and John Ambler's Motion for Summary

Judgment. FCD notes that it does not dispute any of the facts presented in

Plaintiffs and Intervenors' Statement of Undisputed Facts (ECF documents 31 and 34).

## I.   INTRODUCTION

Plaintiffs seeks summary judgment that they are entitled to a declaratory judgment and injunctive relief against FCD asserting that: 1) the FCD has no jurisdiction over the Amblers' real property and; 2) the Montana Natural Streambed and Land Preservation Act ("the Act") does not apply to the Amblers' property. ("Ambler Property" defined in DSOF ¶7.) The motion and irrational result that development on a private inholding in Glacier National Park is essentially unregulated must fail.

## II.   BACKGROUND

Information in the "Background" section of Plaintiffs' Brief in Support of Motion for Summary Judgment requires clarification in order to prevent the Court from being misled. Plaintiffs reference a Technical Memo prepared by Mike Sanctuary and its conclusion that if FCD had jurisdiction and the Act applied, the Plaintiffs would be entitled to a 310 Permit under the factors set forth in Mont. Code Ann. § 75-7-112 (9). Although outside the scope of what this Court is being asked to determine, FCD clarifies that Mr. Sanctuary's reliance on high water

mark in his analysis is misplaced. The Act does not outright prohibit development or work on streams. Rather, the Act requires due consideration and review of any proposed project before implementation. A project is defined broadly by the Act as "a physical alteration or modification that results in a change in the state of a natural, perennial-flowing stream or river, its bed, or its immediate banks." § 75-7-103(5), M.C.A. The term "immediate banks" is defined in the Administrative Rules of Montana as the area above the mean high water mark and directly adjacent to a stream which when disturbed will physically alter or modify the state of a stream. A.R.M. 36.2.402. Under these definitions, the Plaintiffs' excavation of a streambank and building a home qualifies as a project. Plaintiffs submitted and then withdrew a draft 310 application in late 2023. Upon receipt of a valid 310 application, FCD will apply the factors in § 75-7-112 (9) M.C.A. At this point FCD has not considered a complete 310 application and disagrees that the Plaintiffs are entitled to a 310 permit.

### III.   ARGUMENT

A. **Glacier National Park's ceding statute specifically excludes private property**

Jurisdiction over the Ambler Property is determined by 16 U.S.C. § 161, which establishes the boundaries of Glacier National Park and further states:

> Nothing herein contained shall affect any valid claim, location, or entry existing under the land laws of the United States before May 11, 1910, or the rights of any such claimant, locator, or entryman to the full use and enjoyment of his land.

With this statute, Congress defined the boundaries of Glacier National Park on May 11, 1910 and specifically excluded property held in private ownership prior to the creation of the park.

B. **Federal jurisdiction in Glacier National Park does not prohibit enforcement of a nonconflicting state law.**

Plaintiffs rely on *United States v. Unzeuta*, to support their position that the Act does not apply to the Plaintiffs' property. 281 U.S. 138, 142 (1930). *Unzeuta* involved criminal charges brought against a defendant for a murder that allegedly took place on a right-of-way owned by a private company but located within a federal enclave. The Defendant in *Unzeuta* argued that the State of Nebraska should have jurisdiction over the matter. The U.S. Supreme Court found that Nebraska's ceding statute gave the United States jurisdiction over the railroads. The Court in *Unzeuta* contemplated the fact "maintenance of the jurisdiction of the United States over the right of way, as being within the reservation, might be

4

necessary in order to secure the benefits intended to be derived from the reservation." *Unzeuta* at 145. Unlike the situation in *Unzeuta,* the benefits intended to be derived by the creation of Glacier National Park are secured by enforcement of the Act on the Ambler property. There is no conflicting federal law. In addition, Congress has provided that in criminal matters "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. No criminal matters are at issue in this case. Thus, the Supreme Court's decision in *Unzeuta* is inapposite here.

Plaintiffs also rely on *Arlington Hotel Company v. Fant,* to support their position state law should not apply to a private inholding. 278 U.S. 439 (1929). In *Arlington*, the owners of a privately owned hotel in Hot Springs National Park in Arkansas argued that a state law relieving them from liability to hotel guests after a fire should be applied. The Court held that the state law was not applicable. The Court considered the purpose of the establishment of Hot Springs National Park in their analysis. *Arlington* at 452. Keeping the waters safely available to the "public of the United States who are able to pay for hotel accommodation on the little park surrounding the hospital and the springs," was part of the reason the federal

government acquired the land. *Arlington* at 455. Protecting hotel owners from liability did not support the purpose of the acquisition. *Arlington* is distinguished from the case at hand in that the purpose of Hot Springs National Park was not supported by application of the state law. Here the Act supports the purpose of the National Parks.

Similarly, the case at hand can be distinguished from the situation in *Yellowstone Park Transp. Co. v. Gallatin County*, 31 F.2d 644 (9th Cir.). At issue in *Yellowstone* was the ability of Gallatin County, Montana to tax property in Yellowstone National Park. The Court determined that the State of Montana's taxing laws were inoperable in Yellowstone National Park. *Yellowstone* at 645. The Federal Government has a taxing system which applies to the property at issue in *Yellowstone*. The State of Montana's ability to tax property conflicted with federal regulations. In the Plaintiffs' case, there is no regulatory system in place regarding development on private inholdings on the bank of a stream in Glacier Park. The Act protects the resource and supports the purpose of Glacier National Park.

The Plaintiffs argument that ceding statutes present an absolute bar from application of the Act on the Ambler Property is misplaced. FCD concedes that if the United States has assumed exclusive jurisdiction over territory, and there is a

conflict between the federal government's exercise of territorial sovereignty and the exercise of jurisdiction by the state, the state must give way. U.S. Const., Art VI, Cl. 2. Absent an actual conflict, nothing prevents the state from exercising its power over the federal area within its boundaries. *Howard v. Commissioners of Sinking Fund of City of Louisville*, 344 U.S. 624, 625 (1953). Here the sovereign rights in the relationship between state and federal law are not antagonistic. "Accommodation and cooperation are their aim. It is friction, not fiction, to which we must give heed." *Howard* at 625. The enforcement of the Act on a private inholding in Glacier National Park is entirely consistent with the purpose of the National Parks and does not interfere with, but rather supports, the purpose of the National Parks.

C. **The federal government does not have exclusive jurisdiction over private land within Glacier National Park.**

The Ambler Property is privately owned and has never been purchased by or titled to the Federal Government. DSOF 3. The private property is not subject to exclusive federal jurisdiction at the cost of damage to the resource. Plaintiffs' reliance on *United States v. Peterson* is not conclusive. 191 F.2d 154 (9th Cir, 1951). *Peterson* dealt with the application of liquor laws to private property within the boundaries of Kings Canyon National Park under the terms of the

cession. In *Peterson* business owners applied and were denied a permit to sell

alcohol from the Department of the Interior. They then applied for and received a

permit from the more lenient California State Board of Equalization. *Peterson* at

155. The Department of Interior filed for a declaratory judgment that the Federal

Law applied, and were successful. The Court *Peterson* prevented the owners of a

tavern in Kings Canyon National Park from essentially shopping for the more

liberal statutes. The Court held that, "the sale of liquor within the boundaries of

the Park would tend to thwart its beneficent purposes unless federally regulated

in the interest of the public in enjoining the beauties and advantages of the

dedicated areas." *Petersen* at *156. Peterson* can be easily contrasted with the

situation on the Ambler Property. In *Peterson* a federal law conflicted with a more

liberal state law. The Court correctly determined that the more restrictive law

that protected the beneficial purposes of the park controlled. Here, there is no

adequate federal regulation over construction of private inholdings in Glacier

National Park. Concluding the Ambler Property is thus unregulated is not in

keeping with the purpose of the National Parks.

    D. **The existing statutes and regulations for Glacier National Park do not adequately regulate construction on private property**

Plaintiffs argue briefly that the federal government does regulate construction on private property within Glacier National Park. Plaintiffs cite 16 U.S.C. § 162 and 36 CFR § 7.3. This law and regulation are utterly inadequate as the sole source of regulation over development on private property on a pristine stream in Glacier National Park. FCD concedes that the Secretary of the Interior could publish rules and regulations necessary or propose for "the care, protection, management, and improvement" of the park to provide for the "preservation of the park in a state of nature." U.S.C. § 162. However, the reality is that the Secretary of the Interior has not done so in Glacier National Park. The regulations that do exist specifically prohibit the home on the Ambler Property:

> After January 26, 1931, no permit, license, lease, or other authorization for the use of land within the Glacier National Park, Montana, for the erection and maintenance of summer homes or cottages shall be granted or made: Provided, however, That the Secretary of the Interior may, in his discretion, renew any permit, license, lease, or other authorization for such purpose granted or made prior to January 26, 1931. (16 U.S.C. § 162a).

If the Ambler Property is under the exclusive jurisdiction of the Secretary of the Interior, the home they built is prohibited pursuant to federal statute.

The purpose of National Parks is entirely consistent with the purpose of the Act. Even if the State of Montana ceded jurisdiction, the private property

within the boundary of Glacier National Park would be subject to the Act.

## V. CONCLUSION

Based on the above the Court should deny Plaintiffs' Motion for Summary Judgment and grant the Defendant's Motion for Summary Judgment. The Ambler Property is private property that was never purchased by or titled to the Federal Government. FCD has jurisdiction over the Ambler Property. Keeping with the purpose of the National Parks and the Montana Natural Streambed and Land Preservation Act, the court should deny Plaintiffs' Motion for Summary Judgment and grant the Defendant's Motion for Summary Judgment and find the Flathead Conservation District has jurisdiction over the Ambler Property.

Respectfully submitted this 14th day of June, 2024.

SAWTELLE LAW FIRM PLLC

By: _____/s/_____ Camisha Booth Sawtelle____
        Attorney for Defendant

**CERTIFICATE OF COMPLIANCE**

I, the undersigned counsel of record, hereby certify that this brief is proportionally spaced, has a typeface of 14 points or more, and contains 2029 words in accordance with Local Rule 7.1(d)(2)(E). I relied on Microsoft Word to obtain the word count.

SAWTELLE LAW FIRM PLLC

By:  _____/s/____ Camisha Booth Sawtelle____
        Attorney for Defendant