**Trent Baker**
**J.R. Casillas**
Datsopoulos, MacDonald & Lind, P.C.
201 West Main Street, Suite 201
Missoula, Montana 59802
(406) 728-0810
tbaker@dmllaw.com
jrcasillas@dmllaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| JOHN AMBLER and STACY AMBLER, | CV 23-151-M-DLC-KLD |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' COMBINED RESPONSE OPPOSING DEFENDANT'S AND INTERVENOR'S MOTIONS FOR SUMMARY JUDGMENT** |
| FLATHEAD CONSERVATION DISTRICT, | |
| Defendant, | |
| and | |
| FRIENDS OF MONTANA STREAMS AND RIVERS | |
| Intervenor. | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.......................................................................................3

INTRODUCTION ..................................................................................................5

ARGUMENT .......................................................................................................6

I.    Private inholdings in Glacier National Park are subject to Montana's cession of jurisdiction and the United States' acceptance of the same. .............................6

II.    Montana's Natural Stream and Land Preservation Act does not apply to private land within Glacier National Park. ...........................................................12

a.    Preemption analysis and the Montana Attorney General Opinion regarding application of the NSLPA to federal land do not apply to private land within Glacier National Park. ..........................................................................................15

b.    The NSLPA is not "assimilated" with respect to private land within Glacier National Park. ........................................................................................................17

CONCLUSION ..................................................................................................20

CERTIFICATE OF COMPLIANCE ....................................................................21

# TABLE OF AUTHORITIES

**Cases**

*Arlington Hotel Company v. Fant,* 278 U.S. 439, 445 (1929) .......................... 14, 15

*Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.,*
    467 U.S. 837, 842-43 (1984) ................................................................. 7

*Chi., R. I. & P. R. Co. v. McGlinn*, 114 U.S. 542 (1885) ......................................... 13

*Colorado v. Toll*, 268 U.S. 228, 230-31 (1925) ......................................................... 12

*Defs. of Wildlife v. Everson*, 984 F.3d 918, 947 (10th Cir. 2020) ............................. 12

*Free Enter. Canoe Renters Ass'n v. Watt*, 711 F.2d 852 (8th Cir. 1983) ................. 11

*Howard v. Todd*, No. CV 22-55-M-DWM,
    2022 U.S. Dist. LEXIS 65012 (D. Mont. Apr. 7, 2022) ...................................... 19

*James Stewart & Co. v. Sadrakula*, 309 U.S. 94, 99-100 (1940) ............................ 18

*James v. Dravo Contracting Co.*, 302 U.S. 134, 141-42 (1937) ....................... 11, 16

*Macomber v. Bose*, 401 F.2d 545 (9th Cir. 1968) ....................................... 10, 11, 18

*McFarland v. Kempthorne*, 464 F. Supp. 2d 1014,
    1024 (D. Mont. 2006), affd., 545 F.3d 1106 (9th Cir. 2008) ................. 6, 7, 10, 11

*Petersen v. United States*, 191 F.2d 154, 156 (9th Cir. 1951), cert. denied sub nom.
    *State of California v. United States*, 342 U.S. 885 (1951). .................... 8, 9, 10, 11

*State ex rel. Parker v. District Court of Eighth Judicial Dist.*,
    147 Mont. 151, 410 P.2d 459 (1966). ................................................................ 16

*State ex rel. State Bd. of Equalization v. Glacier Park Co.*, 118 Mont. 205, 207-08,
    164 P.2d 366, 367-68 (1945), ........................................................................... 11

*State v. Rindal*, 146 Mont. 64, 69, 404 P.2d 327, 330 (1965) .................................. 17

*United States v. Stephenson*, 29 F.3d 162 (4th Cir. 1995) ....................................... 11

*United States v. Unzeuta*, 281 U.S. 138 (1930) ........................................ 13, 14, 15

*United States v. Woods*, 450 F. Supp. 1335, 1336 n.1 (D. Md. 1978) ..................... 19

*Yellowstone Park Transp. Co. v. Gallatin County*, 31 F.2d 644 (9th Cir.) ........ 14, 15

**Statutes**

16 U.S.C. § 161 ................................................................................................. 6, 10

16 U.S.C. § 163 ........................................................................... 10, 12, 16, 19

16 U.S.C.S. § 21d ..................................................................................................... 8

16 U.S.C.S. § 80 ...................................................................................................... 8

16 USCS § 161 ........................................................................................................ 10

16 USCS § 21a ............................................................................................7

18 U.S.C. § 13 ..........................................................................................19

18 U.S.C. § 7 ............................................................................................19

63 P.L.177 ................................................................................................19

Mont. Code Ann. § 2-1-102 ....................................................................15

Mont. Code Ann. § 2-1-201 ....................................................................14

Mont. Code Ann. § 2-1-205 ...................................................... 9, 10, 12, 16

Mont. Code Ann. § 2-1-207 ....................................................................14

Mont. Code Ann. § 70-29-401 ................................................................19

Mont. Code Ann. § 75-7-101 ........................................................ passim

## Other Authorities

54 Interior Dec. 122 (1932) ......................................................................8

Mont. Att'y Gen. Op. 37-15 (Mar. 24, 1977) ..........................................16

Mont. Att'y Gen. Op. 38-64 (Jan. 28, 1980) ...........................................16

## Rules

36 C.F.R. 5.7 ...........................................................................................17

36 CFR § 7.3 .................................................................... 7, 17, 18

## INTRODUCTION

Defendant's and Intervenor's assertion contradict prior decisions from this Court and settled and binding precedent from the Ninth Circuit Court of Appeal and the United States Supreme Court. This is a fundamental and fatal flaw in their positions. Another such flaw is that their confusion of law regarding ownership of property within Glacier National Park with law governing state versus federal jurisdiction over that property.

The Ninth Circuit Court of Appeals has already determined that private inholdings within Glacier are subject to the State of Montana's cession of jurisdiction and the United States' acceptance of the same. This is consistent with Ninth Circuit precedent regarding jurisdiction and similar decisions of other circuits.

Defendant's and Intervenor's position would require this Court to redraw the jurisdictional boundaries of Glacier National Park into a checkerboard omitting all private inholdings. Their positions ignore federal regulations governing construction on private inholdings in Glacier and ignore prior decisions from this Court and binding precedent from the Ninth Circuit Court of Appeal and the United States Supreme Court. For these reasons, this Court should deny their motions for summary judgment.

# ARGUMENT

## I. Private inholdings in Glacier National Park are subject to Montana's cession of jurisdiction and the United States' acceptance of the same.

The argument of Defendant and Intervenor that private inholdings are not subject to Montana's cession of jurisdiction to the United States is dependent upon a misinterpretation of the following language from the federal statute establishing the boundaries of Glacier National Park (the "Glacier Park Act"):

> *Provided*, That nothing herein contained shall affect any valid existing claim, location, or entry existing under the land laws of the United States [before May 11, 1910] or the rights of any such claimant, locator, or entryman to the full use and enjoyment of his land.

16 U.S.C. § 161

Defendant and Intervenor assert that the foregoing language means that private inholdings were never included within Glacier National Park and therefore could not be subject to the cession by the State of Montana and acceptance by the United States of jurisdiction over lands within Glacier. That is incorrect.

This Court has already considered the foregoing language from the Glacier Park Act and determined its purpose and effect:

> The clear intent of the provision was to ensure that the creation of Glacier National Park did not extinguish existing homestead entries within the boundaries of the Park that had not yet been perfected.

*McFarland v. Kempthorne*, 464 F. Supp. 2d 1014, 1024 (D. Mont. 2006), affd., 545 F.3d 1106 (9th Cir. 2008). This Court recognized that this interpretation is

supported by the National Park Service's long-standing interpretation that the

purpose and intent of provision is not to remove private inholdings from the

jurisdictional boundaries of Glacier, but rather:

> is to clarify that the establishment of the park did not nullify the right
> for holders of unpatented claims and homesteads to receive patent to
> their claimed lands. Furthermore, they can continue to use these lands
> even though patent had not yet been granted. It does not limit the
> authority of the National Park Service to acquire lands within the park
> boundaries or the right to regulate land use.

*Id*., 464 F. Supp. 2d at 1025.  This Court further recognized that "[t]his

interpretation is consistent with the plain language of the Glacier Park Act," and

that longstanding agency interpretations of statutes administered by the agency are

entitled to deference.  *Id* (citing *Chevron U.S.A., Inc. v. Natural Res. Def. Council,*

*Inc.*, 467 U.S. 837, 842-43 (1984)).

This is not the only agency interpretation that recognizes state cession of

jurisdiction over private inholdings in national parks.  Department of Interior

regulations specifically govern construction and other activities on privately-

owned land within Glacier.  See 36 CFR § 7.3 (b) and (c).

Federal law regarding the boundaries of Yellowstone National Park also

provides:

> Nothing herein [16 USCS § 21a et seq.] contained shall affect any
> valid existing claim, location, or entry under the land laws of the
> United States, whether for homestead, mineral right of way, or any
> other purposes whatsoever, or shall affect the right of any such

claimant, locator, or entryman to the full use and enjoyment of his
land.

16 U.S.C. § 21d (enacted in 1929).  Regardless, the Department of Interior

determined that the federal government has the authority to prohibit hunting on

privately-owned lands in the State of Montana included within the area added to

the Yellowstone National Park by the President's proclamation of October 20,

1932.  54 Interior Dec. 122 (1932).

The Act describing the boundaries of Kings Canyon National Park provides

even more broadly "[t]hat nothing in this Act shall be construed to affect or abridge

any right acquired by any citizen of the United States in the above-described area."

16 U.S.C. § 80 (enacted in 1940).  In spite of this statutory language, the Ninth

Circuit found that "California and the United States were intending by the statutes

of cession and acceptance to accomplish unified policing of privately owned and

public lands within the park boundaries for the public good in administering the

National Park." *Petersen v. United States*, 191 F.2d 154, 156 (9th Cir. 1951), cert.

denied sub nom. *State of California v. United States*, 342 U.S. 885 (1951).  This is

a recognition of the public policy favoring federal jurisdiction as opposed to the

patchwork of regulation and confusion that would ensue under the position

advocated by Defendant and Intervenor.

The Glacier Park Act, like the acts describing the boundaries of Yellowstone

and Kings Canyon, contains disclaimer language that the Act does not affect

existing claims to ownership of property within the park boundaries. The Ninth

Circuit in *Petersen* recognized that the issue of jurisdiction is different and

independent from the issue of ownership and is instead governed "by the statutes

of cession and acceptance."

The language of the Montana law ceding Glacier National Park states in

part:

> Exclusive jurisdiction shall be and the same is hereby ceded to the
> United States over and within all the territory which is now or may
> hereafter be included in that tract of land in the state of Montana set
> aside by the act of congress, approved May 11, 1910, for the purposes
> of a national park, and known and designated as "The Glacier national
> park" . . .

Mont. Code Ann. § 2-1-205.

This is almost identical to the language in the California statute ceding

Kings Canyon National Park, which the Ninth Circuit held included a cession of

jurisdiction over privately-owned land within the park: "Exclusive jurisdiction

shall be and the same is hereby ceded to the United States over and within all of

the territory which is now or may hereafter be included in those several tracts of

land in the State of California set aside and dedicated for park purposes by the

United States as 'Kings Canyon National Park' . . ." *Petersen*, 191 F.2d at 156 n.1.

Defendant and Intervenor acknowledge that the Ninth Circuit has held that

that "the territory embraced within the Glacier National Park . . . includes not only

the public lands dedicated to park purposes by the United States but all privately

owned lands within the described park boundaries." *Macomber v. Bose*, 401 F.2d 545, 547 (9th Cir. 1968) (citing *Petersen*).  But, they assert that this was a mistake because the opinion failed to consider that the disclaimer language in 16 U.S.C. § 161 excluded private inholdings from the effect of Montana's cession statute, Mont. Code Ann. § 2-1-205, and the United States' acceptance statute, 16 U.S.C. § 163.  *See* Doc. 30, pp. 6-8; Doc. 33, pp. 8-12.  This assertion is patently incorrect.

The analysis in *Macomber* did not ignore or misconstrue the effect of 16 U.S.C. § 161 or fail to consider its place in the overall statutory scheme.  The Ninth Circuit <u>did</u> address the meaning and purpose of 16 USCS § 161, stating that it withdrew federal land within the described boundaries from further settlement and location subject to the disclaimer language relied on by Defendant and Intervenor, which is quoted in a footnote.  *Macomber*, 401 F.2d at 546 and n.1.  The Ninth Circuit's understanding of 16 USCS § 161 was echoed by this Court in *McFarland* (464 F. Supp. 2d at 1024)*.*  The disclaimer language in 16 USCS § 161 does not exclude existing private property from Glacier's boundaries, it simply puts a stop to the acquisition of new private property rights on federal land within Glacier's boundaries.

*Macomber* also recognized that 16 USCS § 161 does not address jurisdiction, because that is instead addressed by Mont. Code Ann. § 2-1-205 and 16 U.S.C. § 163, which the Ninth Circuit interpreted to include the cession and

acceptance of jurisdiction over private inholdings.  401 F.2d at 546.  Other circuit

courts concurred when considering language similar to the jurisidctional statutes at

issue here.  See *Free Enter. Canoe Renters Ass'n v. Watt*, 711 F.2d 852, 856 (8th

Cir. 1983) (observing that the phrase "within the boundaries" "incorporate[s]

federal, state, and private land, and . . . makes no distinction on the basis of

ownership"); and *United States v. Stephenson*, 29 F.3d 162, 164 (4th Cir. 1995)

(holding that the language "within the limits of said Park" refers to "the statutory

boundaries of the Park established by Congress, not to property ownership lines").

None of the cases cited by the Defendant or Intervenor should dissuade the

Court from following the precedent set by *McFarland*, *Petersen* and *Macomber*.

There is no dispute that Glacier National Park is within Montana and *State ex rel.*

*State Bd. of Equalization v. Glacier Park Co*., 118 Mont. 205, 207-08, 164 P.2d

366, 367-68 (1945), merely recognizes that "Montana ceded to the United States

exclusive jurisdiction over the territory then or thereafter to be included in Glacier

National Park, with certain reservations including "the right to tax persons and

corporations, their franchises, and property, on the lands included in said park."

That reservation is why Glacier Park Company and the Amblers are obligated to

pay taxes on their operations and property within Glacier.

Intervenor's quote from *James v. Dravo Contracting Co*., 302 U.S. 134,

141-42 (1937), is inapplicable to property within Glacier, where that same

paragraph goes on to recognizes that where there is a cession of jurisdiction by the state, the terms of the cession govern the extent of federal jurisdiction. *Colorado v. Toll*, 268 U.S. 228, 230-31 (1925), addresses a statute that reserves the State of Colorado's rights in roadways within a park, does not address the disclaimer or reservation language at issue here, and does not support the proposition for which it is cited. The court in *Defs. of Wildlife v. Everson*, 984 F.3d 918, 947 (10th Cir. 2020), does not strike down the National Park Service's assertion of jurisdiction over hunting or private inholdings but, rather, upholds the Park Service's authority and jurisdiction to decide whether or not impose a hunting regulation on private inholdings within Teton National Park.

For the above reasons, the Ambler Property and other inholdings within Glacier National Park were not excluded from the jurisdictional boundaries of the Park and jurisdiction over them was subject to cession and acceptance statutes. Therefore, the Defendant's and Intervenor's motions for summary judgment should be denied.

## II.    Montana's Natural Stream and Land Preservation Act does not apply to private land within Glacier National Park.

In 1911, the State of Montana ceded and, in 1914, the United States accepted exclusive jurisdiction over all land within Glacier National Park subject to only the specific reservations of State jurisdiction articulated in the statutes ceding and accepting jurisdiction.  Mont. Code Ann. § 2-1-205; 16 U.S.C. § 163.  The FCD is

a governmental subdivision of the State of Montana first created in 1939 and charged in part with issuing 310 permits and administration in Flathead County of the Montana Natural Streambed and Land Preservation Act of 1975, Mont. Code Ann. § 75-7-101 et seq., (hereinafter the "NSLPA").  However, it is settled law that state laws enacted <u>after</u> the state cedes jurisdiction over a national park to the federal government do not apply to private properties located within the national park.

When there is a question of jurisdiction within state ceded land, courts look to the plain language of the cession to determine the extent of federal versus jurisdiction. *United States v. Unzeuta*, 281 U.S. 138, 142 (1930) (the terms of the cession, "to the extent that they may lawfully be prescribed, determine the extent of the federal jurisdiction").  At the time of an express act ceding land from a state to the federal government the state may, as a condition to the cession, reserve concurrent jurisdiction so long as the reservation is consistent with the purpose of the cession.  A "cession may be accompanied with any conditions not inconsistent with the effective use of the property for the public purposes intended." *Chi., R. I. & P. R. Co. v. McGlinn*, 114 U.S. 542, 545-46 (1885); *Unzueta*, 281 U.S. at 142 ("when, in such cases, a state cedes jurisdiction to the United States, the state may impose conditions which are not inconsistent with the carrying out of the purpose of the acquisition").

Montana law is consistent on this point.  Mont. Code Ann. § 2-1-201.
However, neither the state nor its political subdivisions can later impose conditions
not contemplated by the parties at the time of the cession.  The US Supreme Court
in *Unzueta* recognized that, "<u>after</u> this jurisdiction had been accepted by the United
States, it could not be recaptured by the action of the State alone, and hence that an
act of the legislature of Nebraska, passed in 1889, seeking to amend the act of
cession was not effective…" *Unzueta*, 281 U.S. at 143 (emphasis added).

The Court, in *Arlington Hotel Company v. Fant,* 278 U.S. 439, 445 (1929),
addressed a privately owned hotel located in Hot Springs National Park in
Arkansas. The hotel burned down and its owners sought protection under a later-
enacted Arkansas law relieving innkeepers from liability to their guests for loss of
fire. *Id.* at 445 – 46.  However, the Court again held that because the state law was
enacted <u>after</u> cession, it did not apply. *Id.* at 446.

The Ninth Circuit Court of Appeals specifically addressed state versus
federal jurisdiction as to the portion of Yellowstone National Park located in
Montana in *Yellowstone Park Transp. Co. v. Gallatin County*, 31 F.2d 644 (9th
Cir. 1929).  The court held that the Yellowstone cession statute, Mont. Code Ann.
§ 2-1-207, unlike the Glacier statute, did not reserve to the State of Montana the
right to tax people or property within the park.  The court rejected Gallatin
County's attempt to impose taxes on a private company operating in Yellowstone,

because the State did not reserve that right at the time of the cession and could not later extend its jurisdiction to impose taxes in the park, stating: "[i]n other words, <u>after</u> the date of cession, the ceded territory was as much without the jurisdiction of the state making the cession as was any other foreign territory, except in so far as jurisdiction was expressly reserved." *Id.*, at 645 (citing *Arlington*, 279 U.S. 439) (emphasis added).  Because the state of Montana failed to reserve the right to tax people or property within Yellowstone, "taxing laws of the state of Montana are wholly inoperative in that portion of the Yellowstone National Park within the territorial limits of the state."  *Id.*  Again, Montana law is consistent on this point, excepting from state jurisdiction portions of the state in which exclusive jurisdiction was ceded to the United States.  Mont. Code Ann. § 2-1-102.

   a. **Preemption analysis and the Montana Attorney General Opinion regarding application of the NSLPA to federal land do not apply to private land within Glacier National Park.**

   Defendant wrongly encourages this Court to apply a preemption analysis based on the Supremacy Clause in the United States Constitution and two Montana Attorney General opinions.  Doc. 30, pp. 15-19.  However, the *Yellowstone*, *Unzueta* and *Arlington* cases, *supra*, make it clear that preemption analysis does not apply in the context of express state and federal laws ceding and accepting jurisdiction over lands within national parks.  Preemption analysis is applicable to

situations where state and federal regulations may both apply but conflict. That is not the situation here.

When read together, the two Montana Attorney General opinions also support a conclusion that preemption analysis is inapplicable here. The 1977 AG's Opinion addresses the application of the NLSPA on federal land outside of the national parks. Mont. Att'y Gen. Op. 37-15 (Mar. 24, 1977). It does not address jurisdiction in Glacier National Park, Mont. Code Ann. § 2-1-205, 16 U.S.C. § 163, or any of the cases above.

The 1980 Attorney General opinion and cases cited therein make it clear that the foregoing does not apply. Mont. Att'y Gen. Op. 38-64 (Jan. 28, 1980). The opinion recognizes, like the cases above, that when the federal government obtains jurisdiction by cession, the state can reserve concurrent jurisdiction provided the that reserved jurisdiction does not conflict with the purpose of the acquisition. *Id*., p. 226 (*citing James*, 302 U.S. at 146). The opinion also recognizes that Montana law is the same. *Id.* (*citing State ex rel. Parker v. District Court of Eighth Judicial Dist*., 147 Mont. 151, 410 P.2d 459 (1966).

The Montana Supreme Court recognizes that preemption analysis does not apply in this context and concurrent jurisdiction only exists in Glacier and Yellowstone national parks to the extent that the State reserved jurisdiction at the time of the cession and that it was consistent with the purpose of the cession. *State*

*ex rel. Parker*, 147 Mont. at 153, 410 P.2d at 460; *State v. Rindal*, 146 Mont. 64, 69, 404 P.2d 327, 330 (1965).  Even if preemption analysis did apply (it does not), the federal government occupies the field because it expressly regulates construction within Glacier, including construction on private inholdings.  See 36 C.F.R. 5.7; 36 C.F.R. 7.3.

> **b.  The NSLPA is not "assimilated" with respect to private land within Glacier National Park.**

Intervenor asserts that in addition to state laws or jurisdiction reserved in cession statutes, other Montana laws, both current and future, are assimilated into federal laws governing property in Glacier.  Doc. 33, pp. 13-15.  A review of the applicable cases show this is incorrect because assimilation applies only to state laws governing private rights and only applies to state laws in effect at the time of the cession.

As stated by the United State Supreme Court:

> It is now settled that the jurisdiction acquired from a state by the United States whether by consent to the purchase or by cession may be qualified in accordance with agreements reached by the respective governments. The Constitution does not command that every vestige of the laws of the former sovereignty must vanish. On the contrary its language has long been interpreted so as to permit the continuance until abrogated of those <u>rules existing at the time of the surrender of sovereignty</u> which govern the rights of the occupants of the territory transferred.  This assures that no area however small will be left without a developed legal system for <u>private rights</u>.

*James Stewart & Co. v. Sadrakula*, 309 U.S. 94, 99-100 (1940) (internal footnotes omitted) (emphasis added).  The Court was clear that "only the law in effect at the time of the transfer of jurisdiction continues in force, future statutes of the state are not a part of the body of laws in the ceded area."  *Id*., 309 U.S. at 100.

The Ninth Circuit specifically applied the ruling from *James Stewart & Co.* to Glacier National Park, stating:

> By this cession and acceptance, federal authority became the only authority operating within the ceded area. State law <u>theretofore applicable</u> within the area was assimilated as federal law, to remain in effect until changed by Congress. Rights arising under such assimilated law, arise under federal law and are properly the subject of federal jurisdiction.

*Macomber*, 401 F.2d at 546 (internal citations omitted) (emphasis added).

The NSLPA does not apply because it was not in effect at the time of Glacier's cession.  Moreover, there is no "regulatory void" with respect construction of private residences on inholdings in Glacier.  See 36 CFR § 7.3 (b) and (c).  These regulations do not support a finding of concurrent jurisdiction but instead show the federal government exercising its exclusive jurisdiction over construction on inholdings by deciding which Montana laws or regulations it will apply and, by omission, which it will not.  These regulations would be meaningless if all Montana laws and regulations applied to construction on private inholdings in Glacier.

The Defendant's and Intervenor's attempt to enforce the public rights provided for in the NSLPA is distinguishable from the private rights enforced by this Court in *Howard v. Todd*, No. CV 22-55-M-DWM, 2022 U.S. Dist. LEXIS 65012 (D. Mont. Apr. 7, 2022) (resolving a private dispute between co-owners of private property in Glacier by applying Montana's Uniform Partition of Heirs Property Act, Mont. Code Ann. § 70-29-401 et seq.).  *Howard* is not binding precedent and federal versus state jurisdiction was clearly not a primary issue in that case, as it was addressed only in footnote.  *Id*., at *8 n.2.

These cases also make it clear that any assimilated state law becomes federal law subject to federal jurisdiction.  Therefore, even if the NSLPA was applicable within Glacier National Park (it is not), jurisdiction to determine whether or not there was a violation of that Act and to enforce its provisions would rest with federal government, its agencies, and the federal courts, not the FCD.

Intervenor asserts that future state laws are also assimilated.  This is incorrect.  Intervenor acknowledges that 63 P.L.177 applies only to criminal offenses and is no longer a part of 16 U.S.C. § 163. Doc 33, p. 13, n. 3. The new statute, 18 U.S.C. § 13, applies only to those geographical locations specified in 18 U.S.C. § 7.  National parks are not included in 18 U.S.C. § 7, so 18 U.S.C. § 13 does not apply there. *See United States v. Woods*, 450 F. Supp. 1335, 1336 n.1 (D. Md. 1978).

Again, Defendant and Intervenor advocate for an outcome that directly conflicts with binding precedent from the United State Supreme Court and the Ninth Circuit Court of Appeals which is on point and clearly applicable to this case.  This Court should deny the motions for Defendant's and Intervenor's motions for summary judgment.

## CONCLUSION

The Amblers respectfully request that this Court deny the Defendant's and Intervenor's motions for summary judgment because the NSLPA does not apply within and the FCD has no jurisdiction or authority within Glacier National Park.

DATED this 24th day of June, 2024.

DATSOPOULOS, MacDONALD & LIND, P.C.

By: __/s/ Trent Baker_____
  Trent Baker
  J.R. Casillas

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

I certify under Local Rule 7.1(d)(2)(E) that this brief is double-spaced, has a proportionally-spaced typeface of 14 points, and contains 3797 words of text, excluding the caption, certificate of compliance, and any table of contents and authorities, exhibit index, and any certificate of service.

DATED this 24th day of June, 2024.

DATSOPOULOS, MacDONALD & LIND, P.C.

By:   /s/ Trent Baker
      Trent Baker
      J.R. Casillas

*Attorneys for Plaintiffs*