David K. W. Wilson, Jr.
Robert M. Farris-Olsen
MORRISON, SHERWOOD, WILSON & DEOLA
401 North Last Chance Gulch
Helena, MT  59601
(406) 442-3261
(406) 443-7294 (Fax)
kwilson@mswdlaw.com
rfolsen@mswdlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN AMBLER and STACY AMBLER,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>FLATHEAD CONSERVATION DISTRICT,<br><br>　　　　Defendant,<br><br>　and<br><br>FRIENDS OF MONTANA STREAMS AND RIVERS,<br><br>　　　　Intervenors. | Cause No.: CV 23-151-M-DLC-KLD<br><br>**INTERVENOR'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Comes now, Friends of Montana Streams and Rivers ("FMSR"), through counsel, and submits this reply brief in support of its motion for summary judgment.

## ARGUMENT

The Amblers again argue that nearly all of the case law regarding federal jurisdiction over inholdings support their conclusion that the United States has exclusive jurisdiction over the Amblers' property. That argument, and their brief, ignore the impact of 16 U.S.C. § 167a(b) as well as the National Park Service regulations.

Section 167a, in general, gives the Secretary of the Interior authority to obtain title to inholdings. Specifically, the Secretary "is authorized to accept title to any non-federal lands, interests in lands, buildings, or other property real or personal, within the *authorized boundaries of the Glacier National Park.*" 16 U.S.C. § 167a(a) (emphasis added). In exchange, the Secretary may convey federal lands or property within "the authorized boundaries of Glacier National Park, located in the State of Montana and *administered by the National Park Service*". *Id.* (emphasis added). Any non-federal lands obtained by the Secretary "shall, *upon acceptance of title thereto*, become a part of the Glacier National Park, and *shall be subject to all laws applicable to such area*." 16 U.S.C. § 167a(b) (emphasis added). This language must be read in "accord with the ordinary public meaning of

2

its terms at the time of its enactment." *Bostock v. Clayton Cty.*, 590 U.S. 644, 654 (2020).

Interpreting section 167a in accordance with its plain meaning demonstrates that the United States Congress did not believe the United States had jurisdiction over inholdings in Glacier after Montana's cession of jurisdiction. First, the language acknowledges that non-federal land exists with within the "boundaries of the Glacier National Park." 16 U.S.C. § 167a. Second, Congress recognized that federal land, as opposed to non-federal land, within the Park was "administered by the National Park Service." *Id*. And, third, only upon the title to the non-federal land being acquired, would it become a part of the Park. But more important, the non-federal land is not "subject to" the laws applicable to the Park until title was acquired.

The Amblers ignore this clear Congressional language interpreting the cession jurisdiction to exclude non-federal lands. The Ninth Circuit in *Macomber v. Bose*, 401 F.2d 545 (9th Cir. 1968), also ignored this language and section 167a altogether. Instead, the Amblers and *Macomber* rely on Mont. Code. Ann. § 2-1-205 and 16 U.S.C. §163 to assert that the United States has exclusive jurisdiction over the inholdings.[1] But adopting that interpretation would render the language in

---

[1] *McFarland v. Kempthorne*, 464 F. Supp. 2d 1014, 1025 (D. Mont. 2006), also fails to account for section 167a.

§ 167a(b) superfluous or meaningless. Namely, if the United States already had exclusive jurisdiction over the non-federal land within the boundaries of the Glacier National Park, there would be no need to differentiate between the "administration of" federal and non-federal lands in § 167a(a). And it would be unnecessary to provide a date certain on which the non-federal lands were "subject to" the laws applicable to the Park. This would "violate the canon against interpreting any statutory provision in a manner that would render another provision superfluous." *Bilski v. Kappos*, 561 U.S. 593, 607-08 (2010) (This principle applies even when "Congress enacted the provisions at different times.")

Each of the cases relied upon by the Amblers makes the same error – mostly because § 167a does not apply to any Parks except Glacier. *See, Peterson v. United States*, 191 F.2d 154 (9th Cir. 1951), *Free Enter. Canoe Renters Ass'n v. Watt*, 711 F.2d 852 (8th Cir. 1983); *United States v. Stephenson*, 29 F.3d 162 (4th Cir. 1995); *United States v. Unzeuta*, 281 U.S. 138 (1930).

Park Service regulations confirm that the United States does not have exclusive jurisdiction over inholdings. So, for example, 36 C.F.R § 1.2(b) excludes jurisdiction over non-federal lands in the Park System, except as specifically noted. In other words, the United States may have concurrent jurisdiction with the state over non-federal inholdings, but the Park Service does not believe it has exclusive jurisdiction. *See, e.g.*, *Defs. of Wildlife v. Everson*, 984 F.3d 918, 944-47 (10th Cir.

2020) (finding no jurisdiction over hunting on inholdings). In contrast, when the Park Services chooses to exert jurisdiction, it does so clearly. In 36 C.F.R § 7.3, for example, the Park Service explicitly regulates eating, drinking and lodging establishments on "private land" and requires water and sewage disposal systems on "privately owned lands" to obtain state permits.[2]

## CONCLUSION

For all the reasons herein, and those briefed before, the Intervenors and Conservation District are entitled to summary judgment.

Dated this 8th day of July, 2024.

>MORRISON SHERWOOD
>WILSON DEOLA, PLLP
>
>By:   /s/Robert Farris-Olsen
>         Robert Farris-Olsen
>
>*Attorneys for the Proposed Intervenors FMSR*

---

[2] These provisions would not be meaningless if the State had jurisdiction, *see Pls. Br.*, p. 18, because they provide for coordination with the Superintendent of the Park, and not just state inspections or permitting.