**Trent Baker**
**J.R. Casillas**
Datsopoulos, MacDonald & Lind, P.C.
201 West Main Street, Suite 201
Missoula, Montana 59802
(406) 728-0810
tbaker@dmllaw.com
jrcasillas@dmllaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN AMBLER and STACY AMBLER, <br><br> Plaintiffs, <br><br> vs. <br><br> FLATHEAD CONSERVATION DISTRICT, <br><br> Defendant, <br><br> and <br><br> FRIENDS OF MONTANA STREAMS AND RIVERS <br><br> Intervenor. | CV 23-151-M-DLC-KLD <br><br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (Doc. 35)** |

Plaintiffs, John and Stacy Ambler (the "Amblers"), through counsel, submit this Reply Brief in Support of their Motion for Summary Judgment.

## ARGUMENT

Defendant and Intervenor ignore long settled law and binding precedent from the Ninth Circuit Court of Appeals and the United States Supreme Court. If the Defendant and Intervenor want to change the law, they can seek change through federal legislation or the federal rulemaking process. However, the Defendant, a political subdivision of the State of Montana, cannot unilaterally reassert jurisdiction over lands to which the State of Montana long ago ceded jurisdiction to the United States. *United States v. Unzeuta*, 281 U.S. 138, 173 (1930) ("after this jurisdiction had been accepted by the United States, it could not be recaptured by the action of the State alone"); *Yellowstone Park Transp. Co. v. Gallatin County*, 31 F.2d 644, 645 (9th Cir. 1929); *Arlington Hotel Company v. Fant,* 278 U.S. 439, 445 (1929).

It is settled law that Montana's cession of jurisdiction includes jurisdiction over private inholding within the boundaries of Glacier National Park. *Macomber v. Bose*, 401 F.2d 545, 547 (9th Cir. 1968) (specifically holding that, "the territory embraced within the Glacier National Park . . . includes not only the public lands dedicated to park purposes by the United States but all privately owned lands within the described park boundaries."); and see *Petersen v. United States*, 191

F.2d 154, 156 (9th Cir. 1951), cert. denied sub nom. *State of California v. United States*, 342 U.S. 885 (1951) (holding the same is true of private inholdings in Kings Canyon National Park based on a similarly worded cession statute).

Defendant and Intervenor confuse law regarding <u>ownership</u> of property within the boundaries of Glacier National Park with law governing state versus federal <u>jurisdiction</u> over property within Glacier's boundaries. Intervenor relies on 16 U.S.C. § 167a(a) and (b) in arguing that the Ninth Circuit's opinion in *Macomber* was wrong. However, Intervenor admits that Section 167a, merely gives the Secretary of the Interior authority to obtain ownership of private inholdings within the boundaries of Glacier, and to do so by exchanging federal lands within the Park.

This statute is entirely consistent with *Macomber*, *Petersen* and other Circuit Court opinions that differentiate statutes that address ownership or property lines from those that address jurisdiction or jurisdictional boundaries. See *Free Enter. Canoe Renters Ass'n v. Watt*, 711 F.2d 852, 856 (8th Cir. 1983) (observing that the phrase "within the boundaries" "incorporate[s] federal, state, and private land, and . . . makes no distinction on the basis of ownership"); and *United States v. Stephenson*, 29 F.3d 162, 164 (4th Cir. 1995) (holding that the language "within the limits of said Park" refers to "the statutory boundaries of the Park established by Congress, not to property ownership lines").

Intervenor relies on statutory language providing that the private inholdings within the jurisdictional boundaries of the Park "shall, upon acceptance of <u>title</u> thereto, become a part of the Glacier National Park, and shall be subject to all laws applicable to such area." 16 U.S.C. § 167a(b) (emphasis added).  The apparent and undisputed meaning of this statute is that private inholdings are not owned by the federal government and thus are not part of Glacier National Park unless and until "title" to those lands is accepted by the Secretary of the Interior.  The statute recognizes that different federal laws apply to private inholdings "within the authorized boundaries of Glacier National Park" as opposed to federal lands that are "a part of Glacier National Park."  However, the statute does not say and it does mean that the United States failed to acquire jurisdiction over inholdings "within the authorized boundaries of Glacier National Park." Nothing about 16 U.S.C. § 167a(b) conflicts with the Ninth Circuit's holding in *Macomber*, or the similar holdings from other circuit courts.

In fact, 16 U.S.C. § 167a(b) confirms that Congress recognizes federal jurisdiction over private inholdings by authorizing the Secretary of the Interior to enact regulations governing the exchange of private inholdings within the Park boundaries for federal land.  Other federal statutes relating to Glacier confirm that private inholdings are subject to federal jurisdiction:

> Any hotel erected <u>on the land sold and conveyed to the Glacier Park Hotel</u> Company under authority of the Act of March 2, 1917, chapter 147, Thirty-ninth Statutes, page 994, shall be operated by the said Glacier Park Hotel Company, its successors and assigns <u>under such rules and regulations as the Secretary of the Interior may prescribe</u> for the conduct and operation of hotels within the Glacier National Park.

16 U.S.C. § 178 (emphasis added); and see 16 U.S.C. § 165 ("the owners of such privately owned lands within said park shall, before any exchange is effective, furnish the Secretary of the Interior evidence satisfactory to him of title to the patented lands offered in exchange").  Plaintiffs' opening brief detailed the various Department of Interior regulations that specifically govern private inholdings, demonstrating that the Department also recognizes its jurisdiction over inholdings.  See Doc. 36, pp. 13-14.  The Intervenor's argument that Congress and the Department of Interior do not think they have jurisdiction over private inholdings is clearly wrong.

Defendant has asserted that Plaintiffs' construction of a home on their Glacier property is a nuisance and violates the National Environmental Policy Act (NEPA).  Doc. 30, pp. 12, 19-20.  The only issue in this case is federal versus state jurisdiction over the Amblers' property.  There is no nuisance claim asserted against Plaintiffs and any claim for violation of NEPA would have to be asserted against the United States, which is not a party to this case.  It should be noted, however, that the nuisance regulation cited by the Defendant further demonstrates

federal jurisdiction over private inholdings in Glacier and other national parks, providing:

> The creation or maintenance of a nuisance upon the federally owned lands of a park area <u>or upon any private lands within a park area under the exclusive legislative jurisdiction of the United States</u> is prohibited.

36 C.F.R. § 5.13 (emphasis added).

If Congress intended to limit federal jurisdiction or preserve state jurisdiction over property within Glacier National Park, it would have stated that intention. See e.g. 16 U.S.C. 81h. The remaining arguments of Defendant and Intervenor are addressed in Plaintiffs' Combined Response Opposing Defendant's and Intervenor's Motions for Summary Judgment. Doc. 42.

## CONCLUSION

The Amblers respectfully request that this Court grant the Plaintiffs' Motion for Summary Judgment and deny the Defendant's and Intervenor's motions for summary judgment because Montana's Natural Streambed and Land Preservation Act, Mont. Code Ann. § 75-7-101 et seq., does not apply to the Amblers' property because it is within the jurisdictional boundaries of Glacier National Park and the Flathead Conservation District has no jurisdiction or authority within those boundaries.

DATED this 12th day of July, 2024.

                DATSOPOULOS, MacDONALD & LIND, P.C.

                By:   /s/ J.R. Casillas
                      Trent Baker
                      J.R. Casillas

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

I certify under Local Rule 7.1(d)(2)(E) that this brief is double-spaced, has a proportionally-spaced typeface of 14 points, and contains 1,122 words of text, excluding the caption, certificate of compliance, and any table of contents and authorities, exhibit index, and any certificate of service.

DATED this 12th day of July, 2024.

DATSOPOULOS, MacDONALD & LIND, P.C.

By: /s/ J.R. Casillas
Trent Baker
J.R. Casillas

*Attorneys for Plaintiffs*