Camisha Booth Sawtelle
Sawtelle Law Firm PLLC
PO Box 5117
Whitefish, MT 59937
(406) 730-1399
camisha@sawlawmt.com
Attorney for Defendant

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| JOHN AMBLER AND STACY AMBLER, <br><br> Plaintiffs, <br><br> vs. <br><br> FLATHEAD CONSERVATION DISTRICT, <br><br> Defendant, <br> and <br><br> FRIENDS OF MONTANA STREAMS AND RIVERS, <br><br> Intervenors | CV 23-151-M-DLC-KLD <br><br> **DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Defendant, Flathead Conservation District ("FCD") through counsel respectfully submits this reply brief in support of its motion for summary judgment.

1

**ARGUMENT**

FCD reasserts the Ambler property is private property that was never purchased by or ceded to the United States. Glacier National Park's limited and inadequate regulation of private inholdings are not exclusive or intended to be exhaustive. The enforcement of the Natural Streambed and Land Preservation Act on a private inholding in Glacier National Park is entirely consistent with the purpose of the National Parks and does not interfere with, but rather supports, the purpose of the National Parks. The Act must be applied together with the limited federal regulations applicable to private inholdings.

Plaintiffs' position would require this Court to trigger a regulatory nightmare as overextended Park Service employees would be charged with creating a system for regulating all activities on private inholdings in parks across the country. A regulatory framework would need to be created to monitor development on all inholdings. There are currently no such systems. Rather, existing state and local laws and regulations (such as the Act) apply to these private properties. FCD has jurisdiction over the Ambler property.

A. **Park Service regulations are inadequate; those that do exist specifically prohibit building homes.**

Plaintiffs argue that FCD ignores federal regulations governing construction on private inholdings in Glacier. FCD disagrees with the assertion. Rather, FCD again reminds the Court of 16 U.S.C. § 162(a) which specifically prohibits the granting of a permit or authorization for the use of land within the Glacier National Park for the erection of summer homes or cottages. This statute combined with 36 CFR § 5.7 which prohibits constructing a building, or other structure on "any park areas" without a valid permit. The Amblers failed to obtain a permit from the park. Logically this is because 16 U.S.C. § 162(a) specifically prohibits the Park Service from granting such a permit. Although FCD's position is the Ambler property is not under exclusive jurisdiction of the United States; if it were, the Amblers home would have been denied the required permit.

Plaintiffs state Department of Interior regulations specifically govern construction on privately owned land in Glacier. Doc. 44, Page 7. Plaintiffs cite 36 C.F.R. §7.3 to support this misplaced argument. These regulations specific to Glacier National Park include detailed processes for regulating fishing, operation of eating, drinking and lodging establishments, use of motorboats and Canadian dollars. 36 C.F.R. §7.3(a)-(b) and (d)-(f). Notably absent are any regulations related to construction of homes on the immediate banks of a perennial stream on

3

private inholdings within the Park. As previously noted, 36 C.F.R. §7.3(c) is related to water supply and sewage disposal systems in Glacier National Park and defers completely to State and County laws and regulations applicable in the county within whose exterior boundaries a building is located. These regulations contradict Plaintiffs' position that private inholdings under exclusive federal jurisdiction. The regulations support FCD's position that State and County Laws apply to the Ambler property.

### B.  Preemption analysis applies.

Preemption analysis must be applied to this matter. Plaintiffs rely on State *ex rel. Parker v. District Court of Eighth Judicial Dist*., 147 Mont. 151 (1966) for the conclusion that preemption analysis applies only to the extent the State reserved jurisdiction at the time of cession. The reliance on *Parker* is misplaced. *Parker* involved criminal jurisdiction over a crime committed on Malstrom Air Force Base. The Defendant in Parker argued for exclusive federal jurisdiction. The Court concluded that local officers working cooperatively with military police worked "for a more effective enforcement of the law." *Parker* at 156. There was no need for federal preemption and state prosecution was allowed. *Id*. The holding in Parker actually supports the argument for FCD jurisdiction because the

purpose of National Parks is entirely consistent with the purpose of the Act. Similar to *Parker* the limited applicable federal laws and regulations working with consistent state and local laws and regulations results in the best outcome.

Reliance on *Parker* is also misplaced because *Parker* did not involve private property. Rather the federal government purchased property from the State of Montana for a military base. The Court analyzed how the property was acquired in determining jurisdiction. Here the analysis is simpler because title to the Ambler property has always been privately held.

## CONCLUSION

For these reasons, and those previously briefed, FCD and the Intervenors are entitled to Summary judgment.

Respectfully submitted this 12th day of July, 2024.

SAWTELLE LAW FIRM PLLC

By: _____/s/_____Camisha Booth Sawtelle_____
Attorney for Defendant