IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN AMBLER and STACY AMBLER, | CV 23-151-M-KLD |
| Plaintiffs, | |
| vs. | ORDER |
| FLATHEAD CONSERVATION DISTRICT, | |
| Defendant. | |
| and | |
| FRIENDS OF MONTANA STREAMS AND RIVERS, | |
| Defendant-Intervenor | |

This matter comes before the court on Plaintiffs John and Stacy Ambler's

Motion for Attorney Fees (Doc. 16). The issues are fully briefed and ripe for

ruling.

I.    Background[1]

This case involves a dispute over the Flathead Conservation District's ("FCD")

assertion of jurisdiction over property owned by Plaintiffs John and Stacy Ambler

---

[1] Unless otherwise noted, the factual background is taken from the Court's Order
granting Plaintiffs' motion for summary judgment (Doc. 51).

within Glacier National Park in Flathead County, Montana. FCD, which is a governmental subdivision of the State of Montana, sought to enforce the Montana Natural Streambed and Land Preservation Act of 1975 ("Streambed Act") on the Amblers' property, which is a privately owned parcel within the boundaries of Glacier National Park. The Amblers built a home on the bank of McDonald Creek without first seeking a 310 permit, and FCD advised Amblers that they would have to remove the home, in addition to applying for and obtaining a 310 permit before removing the structure.

The Amblers brought this declaratory judgment action, seeking a ruling establishing that FCD lacked jurisdiction to enforce the Streambed Act on private property within the boundary of Glacier National Park and that the Streambed Act does not apply to their property. At an early stage of the litigation, Friends of Montana Streams and Rivers ("FMSR") was granted permission to intervene. The parties filed cross-motions for summary judgment, and the Court ultimately found that FCD lacked jurisdiction to enforce the Streambed Act on the Ambler property because Montana had previously ceded exclusive jurisdiction over all land within the boundaries of Glacier National Park to the federal government, including private inholdings within those boundaries.

The Amblers move the Court for an award of attorney fees, seeking a total of $80,986.50 in fees, which represents reimbursement for 309.45 hours of work.

(Doc. 55 at 15). Their request is supported by the affidavits of JR Casillas, Jarred Hunsaker, Quenton Hegel, and Trent Baker, all of whom performed work on this case on behalf of the Amblers. (Docs. 56-59).

FCD and FMSR both oppose the motion for fees, and FMSR additionally asserts that if fees are awarded, the award as to FMSR should be reduced to reflect its limited involvement as Intervenor. However, as the Amblers have clarified that they are seeking fees only from FCD, the Court will not address FMSR's arguments. (Doc. 69 at 2). Although FCD challenges the Amblers' entitlement to fees, it does not challenge the reasonableness of the fees sought by them.

## II.    Discussion

Where, as here, a party seeks attorney fees for a diversity action brought in federal court under the Federal Declaratory Judgment Act, the court may award fees if doing so "would be in accord with state law." *Iowa Mut. Ins. Co. v. Davis*, 689 F.Supp. 1028, 1029 (D. Mont. 1988). Accordingly, the Court looks to Montana law to determine if the Amblers are entitled to an award of attorney fees.

Montana generally follows the American Rule, which holds that "absent a specific statutory or contractual provision, a prevailing party generally is not entitled to recovery of its attorneys' fees in prosecuting or defending the action." *West. Tradition P'ship. v. Atty. General of State*, 291 P.3d 545, 548 (Mont. 2012) (citations omitted). While there are equitable exceptions to the American Rule,

3

they are construed narrowly "to ensure they do not overtake the rule." *Davis v. Jefferson Co. Election Office*, 412 P.3d 1048, 1051 (Mont. 2018) (citation omitted). One exception recognized by Montana is when there is a statutory basis for an attorney fee award, which is the exception under which the Amblers request fees. The Amblers raise two statutory avenues for recovery of fees: Montana Code Annotated §§ 27-8-313 and 25-10-711(1). The Court will discuss each in turn.

### A.  Montana Code Annotated § 25-10-711(1)

A prevailing party in a civil action with a political subdivision of the state may be awarded reasonable attorney fees if "the court finds that the claim or defense of the state, political subdivision, or agency that brought or defended the action was frivolous or pursued in bad faith." Mont. Code Ann. § 25-10-711(1)(b). "A claim or defense is frivolous or in bad faith 'when it is "outside the bounds of legitimate argument on a substantial issue on which there is a bona fide difference of opinion."'" *West. Tradition P'ship*, 291 P.3d at 548 (citations omitted). However, it is not necessarily bad faith or frivolous simply because the argument is incorrect. *Davis*, 412 P.3d at 1053. Relying on the advice and assessment of counsel can be a factor in determining whether a party has pursued a claim or defended a claim in bad faith. *Davis*, 412 P.3d at 1053. Raising a legitimate argument on a controlling question of law is not frivolous or bad faith. *Slack v. Landmark Co.*, 362 Mont. 514, 521 (Mont. 2011).

The Amblers argue FCD "had no legitimate jurisdictional arguments" in light of *Macomber v. Bose*, 401 F.2d 545 (9th Cir. 1968), in which the Court held Montana had ceded, and the United States accepted, dominion over privately owned land within Glacier Park. In disagreeing with this conclusion, FCD argues that *Macomber* discussed only federal judicial jurisdiction and was thus inapposite to the specific issue in the case, and that *Macomber* failed to consider the proper statutory framework. FCD asserts the *Macomber* case is not legally sound based on the analysis of applicable statutes in that case, and that it was reasonable for FCD to challenge the jurisdictional issue. FMSR additionally argued in the summary judgment briefing, and FCD agreed, that this District's decision in *Howard v. Todd*, 2022 WL 1044972 (D. Mont. Apr. 7, 2022) supported the contention that Montana law could validly be applied to privately owned inholdings within Glacier Park.

Ultimately, the Court did not agree with FCD's contentions as to the application of state law to privately owned inholdings, but the Court cannot say that FCD's arguments to the contrary were outside the bounds of legitimate argument on the ultimate issue, namely whether FCD had jurisdiction to enforce the Streambed Act on the Ambler property. While with the hindsight of the Court's conclusion it may seem so, the Amblers' ultimate victory came only after significant briefing, oral argument, and a thorough analysis of several complicated and seemingly

incongruous legal theories. The Amblers argue that FCD's attorney, during the administrative process, incorrectly analyzed the jurisdictional issue and then failed to adequately research further. However, FCD's reliance on its attorney's conclusions certainly cannot be bad faith, and even though FCD did not prevail, the Court cannot say that FCD's legal strategy was outside the bounds of legitimate argument: FCD had a bona fide disagreement with an issue of law, and raised that issue with the Court. For these reasons, the Court finds that Mont. Code Ann. § 25-10-711(1)(b) is not a basis for an award of attorney fees.

### B. Montana Code Annotated § 27-8-313

The Amblers' second potential avenue for recovery of attorney fees is Montana Code Annotated § 27-8-313, which permits supplemental relief to a prevailing party in a declaratory judgment act case whenever "necessary or proper." When determining whether an award of attorney fees is appropriate, "[t]he threshold consideration . . . is whether equitable considerations support the award." *Davis*, 412 P.3d at 1052 (citations omitted). If the equities do support an award, the Court applies the "tangible parameters test" to decide if fees are necessary or proper. *Davis*, 412 P.3d at 1052 (citation omitted). The tangible parameters test asks "whether (1) the defendant possesses what the plaintiff sought in the declaratory relief action; (2) it is necessary to seek a declaration showing the plaintiffs are entitled to the relief sought; and (3) the declaratory relief sought was necessary to

change the status quo." *Town of Kevin v. N. Central Mont. Reg. Water Auth.*, 553

P.3d 392, 396 (Mont. 2024). If a party does not pass the threshold of showing that

equity supports an attorney fee award, the court need not consider the tangible

parameters test. *Davis*, 412 P.3d at 1054.

One equitable consideration courts examine is "whether the parties are similarly

situated." *City of Helena v. Svee*, 339 P.3d 32, 37 (Mont. 2014). In *Svee*, the Svees

had been notified by their homeowner's insurer that their policy would be canceled

unless their roof was repaired. *Svee*, 339 P.3d at 34. The City of Helena ("the

City") had previously enacted a zoning ordinance that governed roof repairs in the

zoning district in which the Svees lived, but the Svees' roof repair project did not

comply with the ordinance, as it was cost-prohibitive for them. *Svee*, 339 P.3d at

33-34. The City got wind of the project, issued a stop-work notice, filed criminal

charges against the Svees, and filed a six-count civil complaint against them. *Svee*,

339 P.3d at 34. The Svees filed a counter-declaratory judgment action against the

City, seeking a determination that the ordinance was invalid, and shortly thereafter,

the City dropped the criminal charges. *Svee*, 339 P.3d at 34. The district court

invalidated the ordinance, but denied the Svees' motion for attorney fees. *Svee*, 339

P.3d at 34.

On appeal, the Court noted that while it had previously declined to award fees

in other cases, the particular facts of that case warranted an equitable fee award:

>The case here is distinguishable from those noted above in that the parties here are clearly not similarly situated or on equal footing. The Svees sought to accomplish a low-cost repair of their roof in response to a notice from their insurance company about cancellation of their coverage. By so doing, they were named as defendants in both criminal and civil actions filed by the municipal government, in comparison to whom they had significantly less resources to litigate the alleged violation of the ordinance. As such, the equitable threshold is met.

*Svee*, 339 P.3d at 37-38. Because the Svees satisfied both the threshold equitable consideration, as well as the tangible parameters test, the Court awarded them fees. *Svee*, 339 P.3d at 39.

The Amblers argue *Svee* is analogous to the case at hand because FCD is a governmental entity, as is the City of Helena, and the Amblers are private parties seeking to vindicate rights, as were the Svees. If the Amblers are correct, *Svee* stands for the proposition that any time a private party prevails in a declaratory judgment action with the government, it automatically satisfies the equities and tangible parameters test. The Montana Supreme Court has clarified that *Svee* did not change or dilute the law, but "merely represents one of the rare instances in which equitable considerations necessitated an award." *Mont. Immigration Justice Alliance v. Bullock*, 371 P.3d 430, 445 (Mont. 2016). The Court noted that "[c]entral to our award of attorney fees in *Svee* was the fact that the Svees were named as defendants in both criminal and civil actions brought by the City of Helena." *Mont. Immigration Justice Alliance*, 371 P.3d at 445. Here, by contrast,

while the Amblers were required to challenge FCD's assertion of jurisdiction to ultimately prevail, they did not face criminal charges which were only dropped after seeking a declaratory ruling. FCD, which operates through a volunteer board of supervisors, is tasked with administering the Streambed Act. (Doc. 14 at 3). While FCD, as part of administering the Streambed Act, can require compliance with the Act, including the removal of a non-compliant structure, it cannot criminally charge and did not do so in this case.

The Amblers argue that the fact they incurred legal expenses in filing and prosecuting this declaratory judgment action supports an award of attorney fees, and also assert FCD "was far more sophisticated than the Amblers with respect to the question of jurisdiction at issue in each stage of this dispute." (Doc. 55 at 9-10). The latter argument undercuts Amblers' contention that FCD did not adequately research or understand the law regarding jurisdiction over privately-owned inholdings, and does not support a finding that the equities demand an award of attorney fees. As to the former, simply incurring legal fees in a dispute with a governmental entity is not "one of the rare instances in which equitable considerations" dictate an award. If that were the case, there would be no need to consider equity: it would simply be a "loser pays" system. Here, FCD genuinely, albeit incorrectly, believed it had jurisdiction to enforce the Streambed Act on private property located within the boundaries of Glacier National Park. The

Amblers, who built a home on the banks of McDonald Creek, challenged that

determination and ultimately prevailed. Under these circumstances, equity does not

support an award of attorney fees.

### III.    Conclusion

For the foregoing reasons, IT IS ORDERED that Amblers' motion for attorney

fees (Doc. 54) is DENIED.

DATED this 18th day of September, 2025.

Kathleen L. DeSoto
United States Magistrate Judge