**CASE NO. 25-1479**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

JOHN AMBLER AND STACY AMBLER, Plaintiffs-Appellees,

v.

FLATHEAD CONSERVATION DISTRICT, Defendant-Appellant.

---

On Appeal from the United States District Court for the District of Montana
United States District Court Case No. 9:23-cv-00151-KLD

---

# REPLY SUPPORTING APPELLEES' MOTION FOR ATTORNEY'S FEES

---

Trent Baker
DATSOPOULOS, MACDONALD & LIND, P.C.
201 W. Main Street, Suite 201
Missoula, Montana 59802
Telephone: (406) 728-0810
Email: tbaker@dmllaw.com

*Attorney for Plaintiffs-Appellees*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ iii
CERTIFICATE OF COMPLIANCE ........................................................................ 6
CERTIFICATE OF SERVICE ........................................................................ 7

# TABLE OF AUTHORITIES

## Cases

*Chicken Ranch Rancheria of Me-Wuk Indians v. California*, 65 F.4th 1145, 1148 (9th Cir. 2023)....................3
*City of Helena v. Svee*, 2014 MT 311, ¶ 27, 377 Mont. 158, 339 P.3d 32........ 3, 4, 5
*Macomber v. Bose*, 401 F.2d 545, 546–47 (9th Cir. 1968). ....................2
*Paul v. United States*, 371 U.S. 245, 269 (1963). ....................2
*Town of Kevin v. N. Cent. Mont. Reg'l Water Auth.*, 2024 MT 159, ¶ 11, 417 Mont. 325, 553 P.3d 392 ....................3

## Statutes

16 U.S.C. § 163....................2
1911 Mont. Laws Sec. 1, Ch. 33....................2
36 C.F.R. § 7.3(b)....................2
36 C.F.R. § 7.3(c), (c)(1)(i).....................2
Act of Aug. 22, 1914, ch. 264 § 1, 38 Stat. 699....................2
Montana Code Annotated § 2-1-205....................2
Montana Code Annotated § 27-8-313....................3
Montana Code Annotated § 25-10-711(1)....................3, 5
Montana Code Annotated § 27-8-313....................3, 5
Montana Code Annotated § 75-7-101....................2

Plaintiffs-Appellees, John and Stacy Ambler ("Amblers"), seek an award of attorney fees incurred on appeal from the Defendant-Appellant, Flathead Conservation District ("FCD"). The FCD argues that the Amblers are not entitled to an award of fees but does not dispute the reasonableness of fees requested by the Amblers.

The FCD asserts that "[t]he Amblers built a home on the bank of McDonald Creek without first seeking a permit." Cir. Dkt. 34.1, p. 4[1]. This is inaccurate. Prior to beginning construction, the Amblers contacted Flathead County and the County properly advised the Amblers that no permit was required. The Amblers also contacted Glacier National Park administration about their plans and were advised that they would have to connect to the Town of Apgar's water and sewer systems and were provided with the requirements for doing so. It was only after the foundation was poured and the home was framed that the FCD issued its unlawful order to remove the home.

The FCD's unlawful assertion of jurisdiction over the Ambler home was not based on a legitimate argument relating to an uncertain area of law. Cir. Dkt. 34.1, p. 5. The law was clear that the State of Montana ceded jurisdiction to the United

[1] In this Brief, "*Cir. Dkt.*" Refers to the docket number entry on this Court's docket sheet.

States over private inholdings within Glacier National Park in 1911, and the United States accepted that cession in 1914. 1911 Mont. Laws Sec. 1, Ch. 33 (codified at MONT. CODE ANN. § 2-1-205); Act of Aug. 22, 1914, ch. 264 § 1, 38 Stat. 699 (codified at 16 U.S.C. § 163). This Court further resolved any uncertainty with respect to jurisdiction in Glacier National Park, stating that "federal authority became the only authority operating within the ceded area," including "privately owned lands within the described park boundaries." *Macomber v. Bose*, 401 F.2d 545, 546–47 (9th Cir. 1968).

It is also clear the Montana's Natural Streambed and Land Preservation Act of 1975 (Streambed Act), MONT. CODE ANN. § 75-7-101 et seq., was not assimilated into federal law because it is not a criminal law, was not in effect at the time of cession and the Streambed Act was not part of the same basic scheme of any law in effect at the time of cession. *See Paul v. United States*, 371 U.S. 245, 269 (1963).

The FCD also exceeds the bounds of legitimate argument when it asserts that the National Park Service has "failed to regulate construction" and 'abdicated its duties' by allowing "unrestricted development" on private inholdings within Glacier National Park. Cir. Dkt. 34.1, p. 5. The record contains numerous citations to federal law governing construction on private inholdings within the Park. See 36 C.F.R. § 7.3(b) and 36 C.F.R. § 7.3(c), (c)(1)(i). The United States

has enacted the regulations it deems necessary and has the jurisdiction to enforce them. The absence of regulations desired by the FCD or similar to those of the FCD is not equivalent to a lack of regulation.

"A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Chicken Ranch Rancheria of Me-Wuk Indians v. California*, 65 F.4th 1145, 1148 (9th Cir. 2023) (citations omitted). Montana law provides the Amblers with two separate and distinct avenues to recover their attorney fees from the FCD, MONT. CODE ANN. § 27-8-313 and MONT. CODE ANN. § 25-10-711(1).

The Montana Supreme Court has "consistently upheld awards of attorney fees against governmental entities under § 27-8-313, MCA." *Town of Kevin v. N. Cent. Mont. Reg'l Water Auth.*, 2024 MT 159, ¶ 11, 417 Mont. 325, 553 P.3d 392. (citing *City of Helena v. Svee*, 2014 MT 311, ¶ 27, 377 Mont. 158, 339 P.3d 32, 39). The FCD attempts to distinguish *City of Helena* because in that case, the City instigated civil and criminal actions against private citizens, whereas it was the Amblers that filed this case. Cir. Dkt. 34.1, p. 7. However, the Amblers filed this case in response to the FCD ordering the Amblers to tear down their home and the threat of legal action if they did not. Just as in *City of Helena*, it was FCD, a governmental entity that initiated legal action and forced the Amblers to respond with a declaratory judgment action in defense of their rights.

In *City of Helena*, the Montana Supreme Court disagreed with the district court's reasoning that the Svees were not entitled to an award of attorney fees in the declaratory judgment action because "a declaratory judgment action was the procedural course chosen by the Svees," finding instead that the Svees' declaratory judgment action was "both appropriate and necessary" to challenge that validity of the City's enforcement actions. *City of Helena*, ¶¶ 23, 25, 339 P.3d at 38. The FCD's unlawful enforcement action against the Amblers put them in the same position and they should be awarded fees for the same reasons.

The FCD states that the Amblers failed to consider the ecological impacts of constructing their home. Cir. Dkt. 34.1, p. 8. This untrue assertion highlights the FCD's bad faith approach to this case. The Amblers had an experienced and reputable environmental consultant complete an evaluation and report regarding their home's potential ecological impacts to MacDonald Creek and the Amblers provided that report to the FCD. That report, also submitted to this Court, concluded that the home did not pose a substantial ecological risk to the stream. (Cir. Dkt. 13.1, p. 36-89; SER 36-89.) The FCD ignored that evaluation and report and continues to assert that the Ambler home poses an ecological risk to the stream even without any competing evaluation.

The FCD also continues to assert, without supporting evidence, that the Amblers have "substantial financial resources." Cir. Dkt. 34.1, p. 8. Like the

Svees in *City of Helena*, the Amblers are private citizens who were forced to use their own limited financial resources against the taxpayer funded resources of a governmental entity in a multi-year legal fight. *City of Helena*, ¶ 25, 339 P.3d at 38. The Amblers and the FCD are not on equal footing.

The Amblers are also entitled to fees under MONT. CODE ANN. § 25-10-711(1) because the FCD ordered and pursued the demolition of the Ambler home in bad faith. The FCD's assertion that it "genuinely believed it had jurisdiction" is belied by the opinion of one of its prominent board members that the FCD does not have jurisdiction in Glacier National Park. (Cir. Dkt. 32.1, p 24.). Why did the FCD continue to assert jurisdiction in spite of this opinion and overwhelming legal authority to the contrary? It is because members of the FCD had already made up their minds to get rid of the Ambler home and they were determined not to let anything change their minds. (Cir. Dkt. 32.1, p. 3).

Plaintiffs' Motion for Attorneys' Fees and Costs should be granted pursuant to Mont. Code Ann. § 27-8-313 and Mont. Code Ann. § 25-10-711(1).

DATED this 10th day of June, 2026.

DATSOPOULOS, MacDONALD & LIND, P.C.

By: *__/s/ Trent Baker__*
Trent Baker
*Attorneys for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that: This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1146 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word for WINDOWS Time New Roman 14-point font.

DATED this 10th day of June, 2026.

DATSOPOULOS, MacDONALD & LIND, P.C.

By: *_/s/ Trent Baker_*
Trent Baker

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system.

All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

DATED this 10th day of June, 2026.

DATSOPOULOS, MacDONALD & LIND, P.C.

By: */s/ Trent Baker*
Trent Baker